IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-cr-15-APM |
| v. | |
| ELMER STEWART RHODES III, | |
| KELLY MEGGS, | |
| KENNETH HARRELSON, | |
| JESSICA WATKINS, | |
| JOSHUA JAMES, | |
| ROBERTO MINUTA, | |
| JOSEPH HACKETT, | |
| DAVID MOERSCHEL, | |
| BRIAN ULRICH, | |
| THOMAS CALDWELL, and | |
| EDWARD VALLEJO, | |
| Defendants. | |

**GOVERNMENT'S MOTION TO ADOPT RECORD OF CASE NO. 21-CR-28**

The United States moves to adopt the record of case number 21-cr-28-APM, through January 12, 2022, as the law of the case in the above-captioned case. In support thereof, the Government states as follows:

1. On December 1, 2020, the grand jury returned the Sixth Superseding Indictment in case 21-cr-28-APM, charging the following 17 defendants: Thomas Caldwell, Donovan Crowl, Jessica Watkins, Sandra Parker, Bennie Parker, Laura Steele, Kelly Meggs, Connie Meggs,

Kenneth Harrelson, Roberto Minuta, Joshua James, Jonathan Walden, Joseph Hackett, William Isaacs, David Moerschel, Brian Ulrich, and James Beeks.

2. On January 12, 2022, the grand jury returned three related indictments, charging these same 17 defendants, plus two additional defendants – Elmer Stewart Rhodes III and Edward Vallejo. The government therefore effectively split the Sixth Superseding Indictment in case 21-cr-28-APM into the following three separate but related indictments:

    a. First, the Seventh Superseding Indictment in case 21-cr-28-APM, charges the following 7 defendants from the Sixth Superseding Indictment: Donovan Crowl, Sandra Parker, Bennie Parker, Laura Steele, Connie Meggs, William Isaacs, and James Beeks. This will be referred as the "*Crowl* case."

    b. Second, the Indictment in this case charges the following 11 defendants: Elmer Stewart Rhodes III, Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Joshua James, Roberto Minuta, Joseph Hackett, David Moerschel, Brian Ulrich, Thomas Caldwell, and Edward Vallejo. As noted above, 9 of these 11 defendants – all but Rhodes and Vallejo – were charged in the Sixth Superseding Indictment in case 21-cr-28-APM. This will be referred as the "*Rhodes* case."

    c. Third, the Indictment in case 22-cr-14-APM charges defendant Jonathan Walden. As noted above, Walden was previously charged in the Sixth Superseding Indictment in case 21-cr-28-APM. This will be referred as the "*Walden* case."

3. All three cases – the *Crowl*, *Rhodes*, and *Walden* cases – are related to one another, as they "arise[] from . . . activities which are a part of the same alleged criminal event or transaction." Local Criminal Rule 57.12(a)(1)(iii). In addition, 17 of the 19 defendants in the three indictments – all but Rhodes and Vallejo – previously were charged together in the Sixth

Superseding Indictment in case 21-cr-28-APM. *See* Local Criminal Rule 57.12(a)(1)(i) ("Criminal cases are deemed related when . . . a superseding indictment has been filed.").

4. Briefly, the three cases collectively charge all 19 defendants with corruptly obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); 18 of the 19 defendants – all of the defendants in the *Crowl* and *Rhodes* cases – with conspiring to obstruct an official proceeding and conspiring to prevent an officer of the United States from discharging a duty, in violation of 18 U.S.C. §§ 1512(k) and 372; and 11 of the 19 defendants – all of the defendants in the *Rhodes* cases – with seditious conspiracy, in violation of 18 U.S.C. § 2384. Some of the defendants are also facing other related charges.

5. The government requests that the record in the *Crowl* case through January 12, 2022 – that is, through ECF docket entry 576 – be made part of the record in the *Rhodes* case. (The government is filing a similar motion in the *Walden* case.) Doing so would be in the interest of judicial efficiency and consistent with the doctrine of the "law of the case."

6. The *Rhodes* case is effectively a superseding indictment from the Sixth Superseding Indictment in the *Crowl* case. It charges the same defendants (plus two additional) with many of the same charges arising from the same alleged criminal event. Indeed, the charges for obstruction of an official proceeding, destruction of property, civil disorder, assaulting officers, and tampering with documents, are materially the same as in the Sixth Superseding Indictment. In the *Rhodes* case, count two, charging conspiracy under 18 U.S.C. § 1512(k), is akin to the Sixth Superseding Indictment's charge of conspiracy under 18 U.S.C. § 371. Like a traditional superseding indictment, the Indictment in this case added two charges (seditious conspiracy and conspiracy to prevent an officer of the United States from discharging a duty) and two defendants (Rhodes and Vallejo).

7.  When faced with a similar situation, the magistrate judge in *United States v. Quninones-Davila*, No. 16-cr-0009, 2016 WL 4771068, at *4 (D.V.I. Sept. 12, 2016), reached the same conclusion, holding that the filing of an indictment in case *B* with a new case number, which contains many of the same defendants and charges that were in case *A*, is effectively a superseding indictment. The judge reached that conclusion as an intermediate step in holding that the filing of case *B* did not entitle the originally charged defendants to a new detention hearing. *Id.*; *see also United States v. Crosby*, No. 08-cr-186A, 2013 WL 3354422, at *3 (W.D.N.Y. July 3, 2013) (holding that after a superseding indictment has been filed, "[t]he prior decisions under earlier versions of the Indictment are law of the case in this prosecution"); *United States v. Frechette*, No. 89-cr-146, 1990 WL 3184, at *3 (W.D. Pa. Jan. 9, 1990) ("There is no requirement in the Bail Reform Act that the government move for and the court repeat an evidentiary hearing on pretrial detention each time and solely because a defendant is arraigned on a superseding indictment. Frankly, neither law nor logic reveals a reason for doing so.").

8.  In this case, 9 of the 11 defendants – all but Rhodes and Vallejo – were part of the *Crowl* case through January 12, 2022, and thus all of the filings and rulings in the *Crowl* case should apply to them as "law of the case." These rulings include, but are not limited to, the protective order (ECF 123); the orders denying motions to dismiss, for bills of particulars, to transfer venue, and for disclosure of grand jury minutes (ECF 415, 558, and 559, and Dec. 21, 2021 Minute Orders); the Court's decisions to detain Defendants Kelly Meggs (ECF 118 (Mar. 26, 2021 Transcript)), Kenneth Harrelson (ECF 167 (Apr. 14, 2021 Transcript)), and Jessica Watkins (ECF 35 (Feb. 23, 2021 Transcript)), including the Court's subsequent denials of the motions to reconsider those detention decisions; and the Court's orders setting release conditions for Defendants Joshua James (ECF 158); Roberto Minuta (ECF 179), Joseph Hackett (ECF 362),

4

David Moerschel (ECF 7), Brian Ulrich (ECF 358), and Thomas Caldwell (ECF 75), including any modifications thereto.

9. The Court's orders as to defendants Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Joshua James, Roberto Minuta, Joseph Hackett, David Moerschel, Brian Ulrich, and Thomas Caldwell are the "law of the case." *See Pepper v. United States*, 562 U.S. 476, 1250 (2011) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotation marks and citations omitted).

10. The law-of-the-case doctrine means that "the *same* issue presented a second time in the *same* case in the *same* court should lead to the same result." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc) (emphasis in original). The D.C. Circuit has explained that "application of the law-of-the-case doctrine is a two-step process: a court must first determine whether the threshold requirements are met and then ask whether there are prudential reasons to ignore the applicable law-of-the-case." *Kimberlin v. Quinlan*, 199 F.3d 496, 501 (D.C. Cir. 1999). Here, the threshold requirements are met, as this is effectively the *same* case (at least through January 12, 2022) as case 21-cr-28, pending before the *same* court. There are no prudential reasons to ignore the applicable law of the case. To the contrary, prudence dictates that the Court's orders to date, as to these defendants, remain in place.

11. In the interests of fairness and judicial efficiency, and consistent with the law-of-the-case doctrine, the Court should adopt the record in case 21-cr-28 through the filing of the Indictment in this case.

**WHEREFORE**, the United States respectfully requests that this Court adopt the record of case 21-cr-28-APM through January 12, 2022, as the record in this case.

5

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: _____/s/_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

_____/s/_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004