IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Complainant,<br><br>  v.<br><br>KELLY MEGGS<br><br>*Styled as* <u>USA v. STEWART RHODES, et al.</u> *incorporating cases against multiple Defendants*<br>          Defendant | Criminal Case No.<br><br>1:22-cr-00015-APM<br><br><br>Assigned to the Honorable<br>Amit Mehta, District<br>Court Judge |

### REPORT FOR DEFENDANT KELLY MEGGS'' ATTORNEY ON POTENTIAL CONFLICTS OF INTEREST

 COMES NOW Defendant Kelly Meggs, by counsel, and hereby files this notice and report as requested by the Court of Jonathon Moseley's position as to any actual or potential conflicts of interest affecting Defendant here Kelly Meggs.

 It was not entirely clear what the Court intended. Kelly Meggs' attorney Moseley conferred with Stewart Rhodes' criminal defense attorney and with the prosecution about the status of Moseley's other cases related in any way to the events of January 6, 2022.

 Stewart Rhodes' attorney responded that after review and consultation with Stewart Rhodes in Texas he believed there was no conflict of interest with Stewart Rhodes.

 The U.S. Attorney's Office by Jeffrey Nestler responded today by email that he did not believe that the USAO had any role at this time.

 Counsel for Kelly Meggs Moseley understood that the Court wanted a report as to whether the USAO and/or Stewart Rhodes' attorney agree or disagree that there is or may be a

conflict of interest with respect to Moseley's defense in this criminal case of Oath Keeper Kelly Meggs. For January 25, 2022, counsel Jonathon Moseley had communicated with the Court's staff, and copied all counsel, that he would be unavailable for the January 25, 2022, status conference except for about 15 minutes starting at 11:45 AM because of being in a criminal trial scheduled long ago. Moseley asked for Kelly Meggs to be called last in the arraignment because the Alexandria court agreed to take a break for an early lunch to accommodate this court. However, Moseley had his part-time para-legal listen to the entire proceeding and take notes. She is a retired, former attorney who has written published legal books.

Moseley believes that it does no good to merely list the cases without explaining them.

But the USAO's response was that at this stage the Government does not believe it has a role to take a position on this topic.

## I.        HARDSHIP EXCEPTION TO CONFLICT OF INTEREST

Attorney John Pierce reportedly represented 17 different January 6 criminal Defendants before different judges of this Court. This was a product in part of the scarcity of attorneys willing to take on the high workload, the limited resources of most Defendants to pay, and the apparent reluctance of many attorneys to participate in controversial cases.

## II.        STEWART RHODES AS WITNESS AT TRIAL IN THIS PROSECUTION

Kelly Meggs, by counsel, requested signature by the Clerk or Magistrate of several witnesses including Stewart Rhodes.

On December 1, 2021, the United States Attorney's Office belatedly released the FBI FD-302 interview notes of two interviews with Oath Keepers member "Person Ten", whom Stewart Rhodes put in charge of all activities in and around Washington, D.C. on or about January 5-6, 2021. The May 2021 interviews with "Person Ten" proved that the entire case

against these Defendants is fabricated and its falsity was known back in May of 2021.

Co-Defendant Kenneth Harrleson then used this new December 1, 2021, disclosure as new information requiring a review of Harrelson's bail status. The Government argued in a Sur-Reply that the revelations of the "Person Ten" FBI interview was not new because Stewart Rhodes had previously told the FBI the same things. That is, the Government admitted that there never was any reason to lock Harrelson up in the first place.

Therefore, Kelly Meggs, by counsel Moseley, subpoenaed Stewart Rhodes to testify at trial then scheduled for April 9, 2021, to confirm that "Person Ten's" explanations were correct, the allegations against these Defendants are false, and that Rhodes put "Person Ten" in charge.

Thereupon, Stewart Rhodes on his own initiative called Jonathon Moseley out of the blue on a Friday evening, January 7, 2022, to discuss the witness subpoena for him to testify at trial. Rhodes agreed to testify for the other Defendants in this case consistent with "Person Ten's" FBI interview FD-302, debunking the Government's case against these Defendants.

Rhodes confirmed to me that he had no attorney at that time, that he could not afford one, and that massive negative publicity about Stewart Rhodes allegedly cooperating as an agent of the U.S. Government was preventing him from raising funds, along with the censorship and black-listing of his communications including on social media.

Thereupon, Stewart Rhodes was immediately indicted and arrested, five (4) days after the first phone call on January 7, 2022, agreeing to testify for these Defendants. He was arrested six (6) days after the phone call on January 13, 2022, a year after events on January 6, 2021.

The information obtained from Stewart Rhodes as a proposed witness is not privileged (specifically, not confidential) because:

    a) The information discussed with Stewart Rhodes was confirming the

      statements voluntarily provided to the FBI by "Person Ten."

b) Rhodes voluntarily provided the same information to the FBI in May 2021.

c) The information discussed is within the scope of the May 2021 transcript of Stewart Rhodes' FBI interview 185 pages in length and its 3 page FBI summary.

d) The information discussed was in Stewart Rhodes' capacity as a witness.

e) At the time, Stewart Rhodes had not been indicted or charged.

f) A year had passed with no signs that Rhodes might be indicted.

g) Stewart Rhodes was not represented by counsel.

h) Rhodes through his new criminal defense attorneys Phil Linder states that there is no conflict of interest and waives any conflict of interest.

i) Moseley's witness subpoena to Stewart Rhodes was issued after consultation and discussion of strategy and facts with Kelly Meggs.

### III. REPRESENTATION OF THE ORGANIZATION OATH KEEPERS IN CIVIL LAWSUIT IN *THOMPSON V. TRUMP*

For conflicts of analysis purposes, the exception for ***hardship*** applies here.  The following explains not only the representation but also the grounds for the ***hardship exception.***

There at least five civil lawsuits have been filed arising from events on or about January 5-6, 2021, which are substantially the same.

In one of these, *Thompson v. Trump*, the organization OATH KEEPERS, INC., a corporation incorporated in Nevada, was sued by members of Congress.

Civil attorney Kerry Morgan entered his appearance and did a considerable amount of work to prepare and file a Motion to Dismiss on behalf of OATH KEEPERS, Inc.

Because civil attorney Morgan had already prepared and filed an extremely good

4

Motion to Dismiss, Moseley's preparation required only reviewing and studying the motion.

Moseley prepared an Answer to a similar lawsuit *Conrad Smith v. Trump* in October 2021 for Zachary Rehl.  In other words, Moseley could have appeared on the Motion to Dismiss without ever having talked to Stewart Rhodes at all.  His prior familiarity with the parallel cases and study of the filed Motion to Dismiss was sufficient without ever needing to talk to Stewart Rhodes.  The hearing was exclusively about the legal and procedural issues that can be argued in a Motion to Dismiss under FRCP Rule 12(b)(1) and Rule 12(b)(6).

The case has only reached the Motion to Dismiss stage and therefore has not descended yet into details of facts that might involve privileged or confidential information.

Over the weekend starting on Friday, January 7, 2022, Stewart Rhodes informed Moseley that the OATH KEEPERS, Inc. also had this problem because there was a hearing scheduled on January 10, 2022, but the OATH KEEPER's attorney Kerry Morgan had withdrawn.  As a hardship circumstance, the Oath Keepers was blocked from communicating, black-listed on social media and communication platforms, had their bank account closed for political reasons, and banned from using credit card processing vendors.  Therefore, the Oath Keepers could not raise the funds necessary to pay Kerry Morgan as its civil attorney.

Again, this was and is a hardship situation.

Rhodes continues to insist that Moseley should remain as civil attorney in this and any other parallel civil lawsuits at issue.  Moseley hopes that publicity about Rhodes' need and situation might motivate another civil attorney to step up or motivate donations sufficient for the OATH KEEPERS, Inc. to hire a separate civil defense attorney entirely.

**IV.     REPRESENTATION OF STEWART RHODES BEFORE THE U.S. HOUSE OF REPRESENTATIVES SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6 ATTACK ON THE U.S. CAPITOL**

Late on January 10, 2022, upon calling Stewart Rhodes to discuss what happened earlier that day in the civil lawsuit for the OATH KEEPERS, Stewart Rhodes explained that he also had a problem with a scheduled appearance before the January 6 Select Committee in the U.S. House of Representatives only a few days later on January 13, 2022.

Moseley finally agreed to help with this appearance. Moseley negotiated with the Select Committee a postponement of Rhodes' appearance until February 2, 2022. The following day around noon, Moseley called Stewart Rhodes to begin to discuss what Stewart Rhodes wanted to do about the appearance such as appearing or not appearing, the obligations for searching for documents, the pros and cons of taking the Fifth, showing up or failing to show up, etc.[1] Therefore, Moseley had not yet seen any documents not yet collected, and mainly discussed only standard legal obligations to look for documents and legalities of appearing.

During that discussion by telephone the FBI called Stewart Rhodes by telephone announcing that they were outside his door and he needed to come out with his hands up to be arrested. Rhodes conferenced me in to the phone call and I was able to confirm what was happening and encourage actions to avoid any misunderstanding in Rhodes' cooperation.

An inaccurate impression was created that I was Rhodes' attorney with respect to the criminal case. Of course, no one was Rhodes' criminal defense attorney because he had just been arrested with no time to talk to anyone. Moseley contacted everyone he could think of to see if they could find a Texas-based attorney who could go find and talk to Rhodes in the jail and assist Rhodes with a bail hearing. One attorney, Joe McBride, tweeted out news of the arrest.

---

[1] Note that information commonly included in a privilege log, without waiving attorney-client privilege, includes the topic of a conversation without revealing its substance.

News of the arrest was widely reported and many wanted confirmation of the arrest. Simplified news reporting of me confirming the arrest because I was on the phone when it happened made it sound like I was Rhodes' criminal defense attorney. That was never the case.

Rhodes criminal defense attorney Phi Linder has been in contact with the Select Committee and raised objections to any further proceeding due to his client's (Rhodes') rights with a pending criminal trial.

As a result, Moseley's expectation is that any representation before the Select Committee will terminate under these circumstances.

V. **POLICE BRUTALITY AGAINST VICTORIA WHITE BY METROPOLITAN POLICE DEPARTMENT**

In addition, attorney Joe McBride with attorney Paul Kamenar represent Victoria White, who – as caught on camera from the Capitol's security surveillance cameras was beaten at the edge of the so-called "arched tunnel" or the entrance to the Lower West terrace.

Faced with the possibility that one part of the lawsuit might face a one-year statute of limitations, the attorneys asked for Moseley's additional assistance to help them quickly (jointly) draft a Complaint and file it in this Court: *Victoria Charity White v. Robert J. Contee [Chief of the Metropolitan Police Department], et al.*

VI. **SELECT COMMITTEE SUBPOENA CASES**

In addition, the January 6 House Select Committee issued a subpoena to Connie Meggs for records that include records of Kelly Meggs. Therefore, Kelly Meggs and Connie Meggs jointly filed a lawsuit to restrict the release of information from Verizon to the Select Committee. Counsel for Connie Meggs, Julia Halle and Stanley Brandwood, are on the case with Moseley.

Similarly, Ali Alexander wanted to file a similar complaint objecting to the Select Committee's subpoena to Verizon and because of the short turn-around time, asked Moseley to

7

assist with Paul Kamenar in drafting and filing a lawsuit against delivery of his records from Verizon. Moseley filed the lawsuit but with Paul Kamenar.

## VII. USA V. CHRISTOPHER PRICE AND CYNTHIA BALLENGER PRICE

Moseley was asked by a civil attorney who was seeking to unravel the defense of Christopher Price and Cynthia Ballenger Price in USA v. Cynthia Ballenger [Price] , Case No. 1:21-cr-00719-JEB-2, to replace Christopher Price's counsel, including due to expense. This case is unrelated to the Oath Keepers or this case.

The Prices are charged only with knowingly entering a restricted area without lawful authority and violent entry or disorderly conduct. The Prices are not detained pre-trial.

## VIII. PROUD BOYS DEFENDANTS INCLUDING ZACHARY REHL

Although it is reported that the Honorable Judge Amit Mehta wanted to defer discussion of Moseley's participation in the civil lawsuit *Conrad Smith v. Trump* on behalf of Philadelphia Chapter Proud Boys President Zachary Rehl, comments reportedly made on the public records were extreme and prejudicial to both these Oath Keeper Defendants and the Proud Boys and should not stand alone, lop-sided.[2]

As reported, the USAO argued to the Court that Moseley had ***incriminated*** the Oath Keepers by claiming the ***innocence*** of the Proud Boys in *USA v. NORDEAN*.[3]  Again, Moseley asked by email if this was really what was said, and AUSA Nestler declined to comment but in

---

[2]   Moseley asked by email all of the Assistant U.S. Attorneys if his paralegal's notes were accurate, and Jeffrey Nestler did not deny it but would not comment. Moseley also asked his paralegal who had taken notes to very carefully review them for proper understanding. The danger to due process of one-sided assertions remaining uncorrected cannot be ignored.
[3]   With one exception, not part of *USA v. NORDEAN*, who affiliated with the Proud Boys only in December 2020, out of New York, who allegedly broke a window.

his email response that he would not comment, did not deny this.

Moseley has never suggested that the Oath Keepers were guilty because the Proud Boys were innocent.  Both are innocent.  Not one or the other.  Moseley's representation of Zachary Rehl does not incriminate the Oath Keepers.

The USAO and others are unable to consider the possibility that their conspiracy theory just was never true in the first place.  It does not take advanced planning nor money for out-of-control numbskulls to hold a brawl.  That was called "Friday Night at the ABC liquor store" in a then-very redneck East Ft. Myers of the "Knife and Gun Club" when Moseley's father was an Emergency Room physician there in the 70s.  It does not require funding to break windows and fight with police.  It does not require advance planning either.

So the search for the mythical and elusive "leader" produces many illogical and unfounded assumptions.

Now, of course, without question, there were some unidentified, unaffiliated numbskulls who unquestionably criminally committed violence, fought with police, injured over a hundred police officers, and damaged property, primarily breaking a few windows, primarily to enter the Capitol building.  It could and has offended many people to fail to acknowledge the seriousness of what a very few criminals did.

However, we are required under the U.S. Constitution and our laws to distinguish between those merely present and those very few who became violent and are actually guilty.

Moseley never suggested that there is an either / or choice between **_EITHER_** the Proud Boys or the Oath Keepers playing any role in a few criminal hooligans breaking the law.

Note that Moseley has separately moved to withdraw from the civil suit on behalf of Zachary Rehl, partly because he only stayed in the case to avoid Rehl suffering a default.

Dated:  January 28, 2022                    RESPECTFULLY SUBMITTED
                                            KELLY MEGGS, *By Counsel*

*Jonathon A. Moseley,* Esq.

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
         Telephone:  (703) 656-1230
**Contact@JonMoseley.com**
**Moseley391@gmail.com**

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530
202-252-7277
**jeffrey.nestler@usdoj.gov**

**Kathryn Leigh Rakoczy**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6928
(202) 305-8537 (fax)
**kathryn.rakoczy@usdoj.gov**

**Justin Todd Sher**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530

202-353-3909
**justin.sher@usdoj.gov**

**Troy A. Edwards, Jr**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
202-252-7081
**troy.edwards@usdoj.gov**

**Alexandra Stalimene Hughes**
DOJ-Nsd
950 Pennsylvania Ave NW
Washington DC, DC 20004
202-353-0023
**Alexandra.Hughes@usdoj.gov**

**Louis J. Manzo**
DOJ-CRM
1400 New York Ave NW
Washington, DC 20002
202-616-2706
**louis.manzo@usdoj.gov**

**Ahmed Muktadir Baset**
U.S. ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
555 Fourth Street, N.W., Room 4209
Washington, DC 20530
202-252-7097
**ahmed.baset@usdoj.gov**

*/s/ Jonathon Moseley, Esq.*