UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Criminal No. 22-cr-15 (APM) |
| **ELMER STEWART RHODES, III et al.,** | ) ) ) | |
| Defendants. | ) ) | |

## PRETRIAL ORDER

Trial is set to commence in this matter on **July 11, 2022**, at 9:30 a.m., as to designated Defendants. The court will name those Defendants in this trial group on a future date. Any detained defendant should expect to proceed to trial pursuant to this Pretrial Order. The following deadlines shall govern pretrial proceedings:

1. Defendants shall file any additional motions pursuant to Federal Rule of Criminal Procedure 12(3)(A)–(D) on or before **April 15, 2022**; oppositions shall be filed on or before **April 29, 2022**; and replies shall be filed on or before **May 6, 2022**. Counsel shall reserve **May 17, 2022**, at 1:00 p.m., for a hearing on Rule 12 pretrial motions, if necessary.

2. The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **May 23, 2022;** any reciprocal expert disclosure by Defendants shall be made by **June 6, 2022.**

3. The United States shall notify Defendants of its intention to introduce any Rule 404(b) evidence not already disclosed on or before **June 13, 2022**.

4. Except as otherwise noted in this Pretrial Order, motions in limine shall be filed on or before **June 3, 2022**; oppositions shall be filed on or before **June 17, 2022**; and

replies shall be filed on or before **June 24, 2022**. If the United States wishes to file a motion in limine with respect to any defense expert, it may do so by filing a motion by **June 16, 2022;** any opposition to such motion shall be filed by **June 24, 2022.**

5. Defendants shall satisfy their reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **June 23, 2022**. The court will consider any motion in limine with respect to reciprocal discovery after such discovery is received. Any such motion shall be filed by **June 30, 2022**; any opposition to such motion shall be filed by **July 6, 2022.**

6. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **July 1, 2022**. Any *Brady* material not already disclosed must also be disclosed by this date.

7. On or before **June 6, 2022**, counsel shall file a draft Joint Juror Questionnaire. Qualified prospective jurors will appear on **June 27, 2022,** to answer the finalized version of this questionnaire. More details about the procedure for this process will follow closer in time.

8. On or before **June 24, 2022**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case</u>. The parties shall include a neutral statement of the case for the court to read to prospective jurors.

    b. <u>Proposed jury instructions</u>. The parties shall submit a list of all standard jury instructions from the "Red Book" (*Criminal Jury Instructions for D.C.* (Barbara A. Bergman ed., May 2016 ed.)) that they

wish to include in the final instructions. The parties need not submit the full text of any standard jury instruction, but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include. As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

c. <u>List of witnesses</u>.  The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief.  Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

d. <u>Exhibit lists</u>.  The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief.  The parties need not list any exhibit that might be used for purposes of impeachment.  The parties should confer with Courtroom Deputy Jean Claude about the format of the exhibit list.  The parties *should not* provide a copy of the exhibits to the court, but must exchange pre-marked exhibits.  The parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference.  The objecting party shall bring three copies of any contested exhibit to the Pretrial Conference.

e. <u>Stipulations</u>.  The parties shall submit a draft of all stipulations.

f. <u>Proposed verdict form</u>.  The parties shall include a draft verdict form,

        including any special interrogatories. The draft verdict form should include a date and signature line for the jury foreperson.

9.     In addition to filing the Joint Pretrial Statement on **June 24, 2022,** the parties shall transmit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any non-standard jury instruction, and (c) the verdict form by email to the Courtroom Deputy Jean Claude Douyon at Jean-Claude_Douyon@dcd.uscourts.gov.

10.    Counsel shall appear on **July 1, 2022**, at 10:00 a.m., in Courtroom 10 for a Pretrial Conference.

Date: **March 15, 2022**

_____
Amit P. Mehta
United States District Court Judge