IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER: |
| | : | |
| KELLY MEGGS, | : | 22-cr-15-APM |
| | : | |
| Defendant. | : | |

## OPPOSITION TO MOTION TO DISMISS COUNTS 1-3 AND 5

The Court has already thoroughly rejected the arguments made by Defendant Kelly Meggs in his recent motion to dismiss Counts 1-3 and 5 (ECF No. 188). *See, e.g.*, *United States v. Caldwell* (*Caldwell I*), No. 21-cr-28 (APM), 2021 WL 6062718, at *22 (D.D.C. Dec. 20, 2021) (denying motions to dismiss counts charging conspiracy and obstruction of official proceeding); *United States v. Caldwell* (*Caldwell II*), No. 21-cr-28 (APM), 2022 WL 203456, at *3 (D.D.C. Jan. 24, 2022) (denying motion for reconsideration); *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *1 (D.D.C. June 28, 2022) (denying motions to dismiss counts charging, *inter alia*, seditious conspiracy and conspiracy and obstruction of official proceeding).

The Court should do the same here, again denying his efforts to dismiss any counts.

## I.     Legal Standard

In *Caldwell I*, the Court explained the legal standard for a motion to dismiss a count in an indictment for failure to state an offense:

> Because pretrial dismissal of an indictment "directly encroaches upon the fundamental role of the grand jury, dismissal is granted only in unusual circumstances." *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015) (internal quotation marks omitted). In evaluating a motion to dismiss, the court must assume "the truth of . . . factual allegations" in the indictment. *Id.* at 149. The court's review of an indictment "is limited to reviewing the *face* of the indictment, and more specifically, the *language used* to charge the crimes." *United States v. Sunia*, 643 F. Supp. 2d 51, 59–60 (D.D.C. 2009) (internal quotation marks omitted). The ultimate question

the court must answer is "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011).

2021 WL 6062718, at *3.

The Court also explained the standard for deciding whether a statute is constitutionally

vague as applied:

> "A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). "Fair notice" generally requires only that the legislature "enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017) (internal quotation marks omitted) (quoting *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982)). Whether a statute is vague as applied focuses on the acts of the individual challenging it. *See Williams*, 553 U.S. at 304. A person "who engages in some conduct that is clearly proscribed cannot complain of vagueness of the law as applied to the conduct of others." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982). The vagueness inquiry "turns on the tools of statutory interpretation." *Bronstein*, 849 F.3d at 1104. Applying such tools, statutory vagueness will be rare: a statute is unconstitutionally vague only if, "applying the rules for interpreting legal texts, its meaning 'specifie[s]' 'no standard of conduct . . . at all.'" *Id.* (alterations in original) (quoting *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971)).

2021 WL 6062718, at *8.

## II.   Application

### A.   <u>Counts 1-3 are not constitutionally vague as applied</u>

1.   *Count 1 (seditious conspiracy)*

The Superseding Indictment charges the defendants with seditious conspiracy, in violation

of 18 U.S.C. § 2384. Meggs cites multiple seditious conspiracy cases involving efforts to use

"violence" to oppose the government, and then asserts that this count in the indictment should be

dismissed because he was not charged with assault or a weapons violation, and "there is no communication by Mr. Meggs supporting the overthrow of the government by violence." Mot. at 13-17. But Meggs' argument omits a critical fact: a violation of Section 2384 requires a conspiracy to use "force" (not "violence") to oppose the authority of the government or to oppose the execution of a law. *Rhodes*, 2022 WL 2315554, at *4. The Court already held that the Superseding Indictment sufficiently pleads a conspiracy to use force. *See id.* at *7 (holding that the Superseding Indictment's charging language, "along with the facts alleged in support, are sufficient to plead" a charge of seditious conspiracy) (citation omitted).

Meggs' conduct is not somehow immunized by the First Amendment. *Cf.* Mot. at 18-21. When denying the defendants' motion to dismiss the Section 1512(c)(2) charge premised on an alleged First Amendment violation, the Court explained that the indictment "reflects that the government is not prosecuting protected speech." *Caldwell I*, 2021 WL 6062718, at *22. Just as "Section 1512(c)(2) targets only 'corrupt' acts," *id.*, Section 2384 targets only agreements to use "force" against the government, *Rhodes*, 2022 WL 2315554, at *4. The seditious conspiracy charge therefore does not run afoul of the First Amendment.

2. *Counts 2 and 3 (obstruction of official proceeding and conspiracy)*

Meggs' argument to dismiss Counts 2 and 3 regurgitates the argument that this Court already specifically rejected, multiple times: that the word "otherwise" in Section 1512(c)(2) limits the breadth of Section 1512(c)(2) to actions related to evidence. Mot. at 17; *see Rhodes*, 2022 WL 2315554, at *13 (rejecting this argument).

**B.      The rule of lenity is not applicable**

The Court previously explained that the rule of lenity applies only if, "'after seizing everything from which aid can be derived,' there still remains 'grievous ambiguity or uncertainty.

3

The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree.'" *Caldwell I*, 2021 WL 6062718, at *21 (quoting *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998)) (internal citation omitted). The Court found that the rule of lenity did not apply to the charge of obstruction of an official proceeding. *Id.* It similarly does not apply to the charge of seditious conspiracy. The Court already found that there was no "ambiguity" or "uncertainty" in what Congress meant when it passed a seditious conspiracy statute that criminalized an agreement to oppose by force the execution of any law of the United States. *Rhodes*, 2022 WL 2315554, at *9.[1]

### C.      Double jeopardy principles do not require dismissal of any counts

Meggs argues that the charges of seditious conspiracy and conspiracy to obstruct an official proceeding are duplicative of one another and therefore run afoul of the Fifth Amendment's prohibition against double jeopardy. Mot. at 24-28. But he is plainly wrong. Seditious conspiracy requires an agreement to use "force"; conspiracy to obstruct an official proceeding does not. Conspiracy to obstruct an official proceeding requires a "corrupt" intent; seditious conspiracy does not.

### D.      Count 5 (destruction of government property) states a claim

Meggs argues that Count 5 should be dismissed because it does not allege that he personally destroyed any government property. Mot. at 28. But the indictment alleges that he aided and abetted others in destroying property. And the Court has rejected this same argument. *See* Sept. 14, 2021 Omnibus Order (ECF No. 415) in *United States v. Caldwell*, 21-cr-28 (APM), at 5-6 (argument made by Kenneth Harrelson and adopted, as noted in footnote 1, by Kelly Meggs).

---

[1] The Court's comment during oral argument that it "wish[ed]" the members of Congress who drafted the statute 150 years ago were alive to explain their intention in passing the statute has no bearing on whether the statute is grievously ambiguous. *Cf.* Mot. at 21 n.3.

## III.     Conclusion

The government therefore respectfully requests that the Court deny Meggs' motion to dismiss.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:          /s/
_____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530


          /s/
_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004