IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 1:21-cr-00015-APM |
| v. | )<br>) |
| KELLY MEGGS, | )<br>)<br>) |
| Defendant. | )<br>) |

**DEFENDANT KELLY MEGGS'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MEGGS' MOTION TO DISMISS ON THE BASIS OF SELECTIVE PROSECUTION**

Defendant Kelly Meggs, by and through the undersigned counsel, and pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(iv), hereby submits this Reply Memorandum of Points and Authorities in further support of the Motion to Dismiss Counts 1 through 3[1] for Selective Prosecution of the Superseding Indictment, [ECF 189] filed July 12, 2022 and in Response to the Government's Opposition. [ECF 202 filed July 25, 2022].

**I.   Background**

The government began this process with the Indictment filed in *U.S. v. Caldwell* filed on *January 27, 2021* (ECF 4, *U.S. v. Caldwell*, 21-cr-28), charging

---

[1] The Motion to Dismiss seeks to dismiss Counts 1-3, not the entire Indictment for clarification, which may not be clear because in getting finalized it was separated from the other Motion to Dismiss, which makes that clear.

Thomas Caldwell, Jessica Watkins and Donovan Crowl, by a signature block for Acting U.S. Attorney, Michael Sherwin. This Indictment already contained many of the facts alleged in the most recent indictment, but individual defendants have since been added. *See Id.* The first Superseding Indictment was filed on February 19, 2021, which added defendants, Sandra and Bennie Parker, Laura Steele, Graydon Young, Kelly and Connie Meggs, and was signed by Acting U.S. Attorney, Michael Sherwin. (ECF 27, *U.S. v. Caldwell*, 21-cr-28). The Second Superseding Indictment was filed on March 12, 2021. (ECF 77, *U.S. v. Caldwell*, 21-cr-28), at which time it appears that Kenneth Harrelson got added as a defendant, signed by the Acting United States Attorney, Channing Phillips.

In the Second Superseding Indictment certain relevant facts were included such as:

¶ 37 "On 12/25/21 Kelly Meggs wrote a message that said in relevant part, "I was named state lead of Florida today."

¶ 38 On 12/25/20 Kelly Meggs wrote in relevant part, "we are all staying in DC near the Capitol at the Hilton Garden Inn, but I think its full.  DC is no guns. So mace and gas masks, some batons. If you have armor, that's good."

¶ 46 When invited to a leadership only conference call on an encrypted messaging service called Signal for the DC OP, Watkins said she would try to make it if her work obligations permitted.

¶ 47 On 12/31/20, Kelly Meggs wrote a series of messages to another [unnamed] person on Facebook that said "you guys Gonna carry? "Ok we aren't either, we have a heavy QRF 10 min out though."

These facts in and of themselves show that the government had the messages that they rely on for the most recent indictments, but that the government also has recently chosen to omit relevant facts such as Watkins having work obligations in making plans to come for the Jan 5th and 6th Events on January 1, 2021, or that Kelly Meggs made clear that DC is "no guns" and that he only became a lead for Florida on December 25, 2021.

The Third Superseding Indictment was filed on March 31, 2021, and defendants, Robert Minuta and Joshua James were added, signed by the Acting United States Attorney, Channing Phillips. (ECF 127, *U.S. v. Caldwell*, 21-cr-28).

The Fourth Superseding Indictment follows on May 26, 2021, at which time defendants Jonathan Walden, Joseph Hackett, Jason Dolan, William Isaacs are added, but notably the facts concluded with: ¶ 165, "shortly after 4:00 PM, individuals who breached the Capitol, [naming defendants and others], gathered together with Person One and Person Ten approximately 100 Feet from the Capitol, near the Northeast Corner of the Building" signed by the Acting United States Attorney, Channing Phillips. (ECF 196, *U.S. v. Caldwell*, 21-cr-28).

The Fifth Indictment filed on August 4, 2021 added David Moerschel and Brian Ulrich. Each of these indictments begins with the caption: 'The 2020 United States Presidential Election and the Official Proceeding on January 6, 2021' is

3

signed by the Acting United States Attorney, Channing Phillips.  The Sixth Indictment is filed on December 1, 2021 with the addition of defendant James Beeks, and is signed by the United States Attorney, Michael Graves.   Each of these indictments contain the same litany of facts, but gets slight edits and new defendants specifically charged rather than as unnamed persons.

However, on the anniversary of the January 6th -the Select Committee to Investigate the January 6th Attack made several statements as CNN reported,

> "The committee is divided into five investigative teams, each with its own color designation: The green team is tasked with tracking money, including the funding behind the rallies, as well as untangling the complex web of financial ties between rally organizers and entities affiliated with Trump or his campaign, according to multiple sources. That team has made considerable progress, sources tell CNN.
>
> The blue team is focused on how government agencies prepared ahead of January 6 and responded to the attack. The gold team is examining efforts by Trump and his allies to pressure Department of Justice officials, as well as those at the state level, to overturn the results of the election. The red team is investigating rally planners and the "Stop the Steal" movement. **The purple team is digging into domestic violence and extremist groups, including the Proud Boys, 3 Percenters and Oath Keepers.**
>
> In the new year, members of the panel will have to decide not only whether to subpoena their colleagues, but also whether to expand the list of Republican lawmakers…Legal scholar and Harvard professor Laurence Tribe told CNN that while the committee does not have the power to prosecute any crimes it may find, **it can put pressure on the Justice Department to act**.  "It can't ensure that it will happen, but it can certainly increase the likelihood and create a kind of public momentum that will make it harder for the Justice Department just to sit there and twiddle its thumbs," he said.[2]

---

[2] *On the eve of the Capitol riot anniversary, January 6 investigation faces a pivotal year ahead*, By Annie Grayer, Ryan Nobles and Whitney Wild, CNN, January 5, 2022, https://www.cnn.com/2022/01/05/politics/january-6-committee-2022-strategy/index.html

On the anniversary of January 6th, the media and many political figures were calling for charges on Insurrection, beginning with the President of the United States. On January 6, 2022, President Biden calls Jan 6 an 'Insurrection,' but different reporters and media analyzed the cases, and found that no charges had been filed for that crime.[3] A whirl wind of media analysis followed, the Washingtonian reported on the potential choices: *"What Crimes Can the Capitol Insurrectionists Be Charged With? Quite a few, it turns out, including some with maximum penalties of decades in prison."* [4]

On January 5th, 2022, an opinion piece in the Wall Street Journal, in relevant part, responded to this media outcry:

> "The media's mischaracterization of these events created a moral panic that unfairly stigmatized Trump supporters across the nation as white supremacists conspiring to overthrow the U.S. government, resulting in the unnecessary mobilization of armed U.S. troops in Washington. Those who violated the law inside the U.S. Capitol should be prosecuted and, if convicted, sentenced accordingly.
> But dramatizing a riot as an organized, racist, armed insurrection is false reporting and dangerous political gaslighting. **The misuse of words, especially involving criminal accusations, can easily result in overreaching enforcement of the law** and a chilling effect on free speech, all of which have already happened—and

---

[3] *Biden calls Jan 6 an 'insurrection' but no charges filed for that crime. Despite may officials calling the Jan. 6 riot at the Capitol an "insurrection," a breakdown of charges has revealed that not one of the 725 individuals charged was charged with insurrection,* American News Jan 6, 2022. https://thepostmillennial.com/biden-calls-jan-6-an-insurrection-but-no-charges-filed-for-that-crime

[4] *What Crimes Can the Capitol Insurrectionists Be Charged With? Quite a few, it turns out, including some with maximum penalties of decades in prison.* Marisa Keshino, the Washingtonian January 7, 2022 https://www.washingtonian.com/2021/01/07/what-crimes-can-the-capitol-insurrectionists-be-charged-with/

in this case, endanger the very system the rioters' accusers purport to protect."[5]

The 7th Superseding Indictment, however, follows on the heels of the public rhetoric and Biden's statement of January 6, 2022, nearly a year after the charges already issued, on January 12, 2022, a new indictment issues under a new case number and now includes the charge of **Seditious Conspiracy**, 18 U.S.C. § 2384, and the defendants who have been anticipating trial, are suddenly separated into two new groups.  (ECF 583, *U.S. v. Caldwell*, 21-cr-28, (ECF 01, 21-cr-00015-APM), The new indictment lumps defendants together largely based on a $50.00 membership fee with an organization described by the Indictment as "a *large but loosely organized collection of individuals*" called the "Oath Keepers." Defendants are grouped regardless of backgrounds.  (ECF 01, 21-cr-00015-APM), signed by Michael Graves.   It also adds defendants Elmer Stewart Rhodes and Edward Vallejo.  *Id.*

Similarly, for context *on the pressure* on the Department, President Biden has called for charges against the former President, and the reports include the following in this context:

> A new report claims President Joe Biden has told people he wants former President Donald Trump to be prosecuted.

---

[5] *Stop Calling Jan. 6 an 'Insurrection' That's a legal term that denotes much more than a sporadically violent riot or disturbance.* By Jeffrey Scott Shapiro, WSJ.com, January 5, 2022
https://www.wsj.com/articles/stop-calling-jan-6-an-insurrection-capitol-riot-civil-disorder-insurgency-protest-first-amendment-11641417543

6

The leak was published in the New York Times on Saturday[6] as Democrats mount increasing pressure on the Justice Department to take action against Trump and people within his orbit in relation to the Capitol riot…

Democrats have gone public with their belief that Garland and the Justice Department should be more assertive with the Capitol riot situation. "*We are upholding our responsibility. The Department of Justice must do the same,*" said Rep. Adam Schiff, a member of the Jan. 6 committee. "*Attorney General Garland, do your job so we can do ours,*" said Rep. Elaine Luria, another member of the panel, according to Politico.

In October, Biden urged the Justice Department to prosecute anyone who defied subpoenas from Capitol riot investigators.

…The Justice Department distanced the agency from the president at the time…
…Garland said in early March that the Justice Department's investigation into the Capitol riot is the "*most urgent*" in the department's history. The claim came as Republicans said the DOJ in the Biden administration had not put the same effort into prosecutions tied to the violent riots of 2020 as the storming of the Capitol and criticized the agency for its decision to shutter the China Initiative despite a growing threat posed by the Chinese Communist Party.

---

[6] *Building a criminal case against the former president is very difficult for federal prosecutors, experts say, underlining the dilemma confronting the agency*: The inquiry is a test for President Biden and Attorney General Merrick B. Garland, who both came into office promising to restore the Justice Department's independence. New York Times, **April 22, 2022.** https://www.nytimes.com/2022/04/02/us/politics/merrick-garland-biden-trump.html

*2016 Campaign Looms Large as Justice Dept. Pursues Jan. 6 Inquiry, Top officials at the department and the F.B.I. appear intent on avoiding any errors that could taint the current investigation or provide ammunition for a backlash.* By Glenn Thrush, Adam Goldman and Katie Benner, New York Times, **July 28, 2022**, https://www.nytimes.com/2022/07/28/us/politics/trump-garland-investigation.html?searchResultPosition=3

>The attorney general said in January that *"there is no higher priority"* at the Justice Department than prosecuting the Capitol riot cases, and he vowed that "the Justice Department remains committed to holding all Jan. 6th perpetrators, at any level, accountable under law." ***Garland compared the deadly Oklahoma City bombing of 1995 to the Capitol riot last June and indicated last May the DOJ was prioritizing prosecutions related to the siege of the Capitol over those tied to the 2020 summer riots because the events of Jan. 6 were "the most dangerous threat to our democracy."***[7]

Channing Phillips and other Department of Justice attorneys filed a civil lawsuit against the Trump Administration in 2020, *Don't Shoot Portland, et a., v. Chad Wolf*, et al., 1:20-cv-2040-CRC, who argued in *Don't Shoot*: that George Floyd protestors took "*…to the streets to express their collective grief, anger, and frustration over not just one senseless act of violence, but the countless other abuses people of color have endured for years.*" (ECF 25-2, at p. 2).  This shows a remarkable about face when speaking about Portland Protestors v. January 6th Protestors, reflecting a difference in the politics behind the different protests.

Similarly. Michael Sherwin said that 'After the 6th, we had an inauguration on the 20th. So, I wanted to ensure, **and our office wanted to ensure, that there was shock and awe** that we could charge as many people as possible before the 20th. And it worked because we saw through media posts that people were afraid to come back to D.C. because they're like, "If we go there, we're gonna get

---

[7] *Biden wish for Trump prosecution leaked as Democrats mount pressure campaign on DOJ* by Daniel Chaitin, Deputy News Editor & Jerry Dunleavy, Justice Department Reporter | Washington Examiner,  | April 02, 2022,
https://www.washingtonexaminer.com/news/justice/biden-wish-for-trump-prosecution-leaked-as-democrats-mount-pressure-campaign-on-doj

8

Case 1:22-cr-00015-APM   Document 229   Filed 08/01/22   Page 9 of 17

charged.'"[8] Again this statement makes the bias clear – DOJ, the office, sought to ensure "shock and awe."

While other protestors or "the Mob" are alleged to have committed violent conduct, Mr. Meggs' presence, together with that of Stack One as alleged, 'mere association, standing alone, is inadequate; an individual does not become a member of a conspiracy merely associating with conspirators known to be involved in crime.

The Superseding Indictment acknowledges Mr. Meggs's alleged co-conspirators alleged to have agreed not to bring firearms or other dangerous weapons to the Capitol Building and, in fact, Mr. Meggs did not, nor is it alleged that he violated any weapons laws. None charged to have done so. Instead the entire conspiracy is based on a theory that they could have, since they are alleged to have had weapons in Virginia, put together with messages that can also be taken out of context, and the government has one of the first cases on "seditious" conspiracy.

The government further admitted in oral argument at one hearing, "[a]nd so it's correct that we don't have a Signal chat with Mr. Meggs saying, now everybody go storm the Capitol." (ECF 118, p.17). And that is a significant deficiency for the predicate of to the government's case.[9]

---

[8] *Inside the prosecution of the Capitol rioters*, CBS News, Mar. 22, 2021, available at: https://www.cbsnews.com/news/capitol-riot-investigation-sedition-charges-60-minutes-2021-03-21/

[9] "[the FBI] found no evidence that the groups had serious plans about what to do if they made it inside." See Mark Hosenball and Sarah N. Lynch, Exclusive: F*BI Finds Scant Evidence U.S. Capitol Attack was Coordinated*, Reuters (Aug. 20, 2021). available at

9

## II.   Legal argument

The Court addressed the standard for 'Smith Act offenses require rigorous standards of proof." *Noto v. United States*, 367 U.S. 290, 291, 81 S. Ct. 1517, 1518, 6 L. Ed. 2d 836, 838, (1961) (citing *Scales*, ante, p. 230.)  The Court explained,

> "Even though it is not enough to sustain a conviction that the Party has engaged in "mere doctrinal justification of forcible overthrow . . . [even] with the intent to accomplish overthrow," *Yates, supra*, at 321, it would seem that such a showing might be of weight in meeting the requirement that the particular defendant in a membership clause prosecution had the requisite criminal intent. But it should also be said that this element of the membership crime, like its others, must be judged *strictissimi juris*, **for otherwise there is a danger that one in sympathy with the legitimate aims of such an organization, but not specifically intending to accomplish them by resort to violence, might be punished for his adherence to lawful and constitutionally protected purposes, because of other and unprotected purposes which he does not necessarily share.**"

*Noto v. United States*, 367 U.S.at 299-300.

Similarly, as to general conspiracy charges,"'[M]ere association, standing alone, is inadequate; an individual does not become a member of a conspiracy merely associating with conspirators known to be involved in crime." *United States v. Gaskins*, 402 U.S. App. D.C. 262, 273 (D.C. Cir., 2012) (*quoting Wardell*, 591 F.3d at 1288)(See *United States v. Dellosantos*, 649 F.3d 109, 115 (1st Cir. 2011) ("The agreement is the sine qua non of a conspiracy, and this element is not supplied by

---

https://www.reuters.com/world/us/exclusive-fbi-finds-scant-evidence-us-capitol-attack-was-coordinated-sources-2021-08-20/

mere knowledge of an illegal activity . . . , let alone by mere association with other conspirators." (internal quotation marks omitted)); *United States v. Diaz*, 637 F.3d 592, 602 (5th Cir. 2011) ("If all that was shown was a defendant's . . . 'close association with conspirators,' jurors would not be entitled to infer participation in the conspiracy." (internal quotation marks omitted)); *Nusraty*, 867 F.2d at 764 ("[M]ere association with those implicated in an unlawful undertaking is not enough to prove knowing involvement.")   Further, the Court has held that, '[t]he same conclusion follows for acts of concealment that postdate the conclusion of the conspiracies. Even in the context of criminal conspiracies, acts of concealment that follow completion of the conspiracies' main objective are generally not considered to be part of the conspiracy, see *Grunewald v. United States*, 353 U.S. 391, 402, 77 S. Ct. 963, 1 L. Ed. 2d 931 (1957).

The requirement in prosecuting one for a membership in an organization charged with "intending overthrow the government" must be judged *strictissimi juris...*" *Noto v. United States*, 367 U.S. at 299-300.  While the government generally argues that Defendant Meggs "has not made the requisite showing that he was singled out for prosecution from those similarly situated," the political pressure on the Department of Justice to add more charges at the time of the adding of the Seditious Conspiracy charge is palpable.  It also explains how the Indictment in 22cr15 got drafted where the Oath Keepers, to include each Member (even where there is no charge of assault or other violent behavior), and as clear, Mr. Meggs did not carry weapons, nor is he alleged to have promoted the carrying of any illegal

11

weapons in the District, are nevertheless charged with both Seditious Conspiracy and Obstruction of Justice. As has been shown, these two (2) statutes, prior to January 6th that have never charged on rioters much less protestors.

Further, because of Defendant Meggs' membership in an organization that has been repeatedly called out, even while there is recognition by the January 6th Committee that they were at the Rally to provide protection.[10] The attendance of the events on January 5th and 6th at a Rally held by the incumbent President of the United States, is specifically omitted from the current Indictment, otherwise, "the overthrow of the government" would be questioned when placed in the context of First Amendment protesters at Congress. *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575 (D.D.C.), aff'd, 409 U.S. 972, 34 L. Ed. 2d 236, 93 S. Ct. 311 (1972) (The Court felt that the integrity of the judicial process could not survive in an atmosphere of *mob excitement*. But while, as Judge Bazelon said (dissenting in *Jeannette Rankin, supra*), "traditionally, the judiciary does not decide cases by reference to popular opinion," the fundamental function of a legislature in a democratic society assumes accessibility to such opinion).

### A.  Discriminatory Purpose and Similar Cases

The government cites to Judge McFadden's rejection of a similar argument by a January 6th defendant, in United *States v. David Lee Judd* but Judge

---

[10] Here's Every Word From the Seventh Jan. 6 Committee Hearing on its Investigation, *National Public Radio* (July 12, 2022), *available at* https://www.npr.org/2022/07/12/1111123258/jan-6-committee-hearing-transcript.

12

McFadden attempted to distinguish Portland Protestors as having attacked at night versus January 6ers attacking in the day, but the court in making that finding seems to have been unaware that Portland Protestors attacked both day and night. It was reported 'that that the protest is a continuation of a daytime march that occurred this afternoon."11 …"Footage showed the rioters attempting to force their way into the courthouse while chanting "f*** the United States!"12 ' Later in the evening rioters set a fire outside the courthouse entrance.'13  The federal Court House closed for weeks under attack and burned. 14   More importantly, Judge McFadden did not have the statements by the Attorney General, nor those of the prosecutors signing the Indictments before the court that we have submitted in the case at bar.  See ECF 203, f.n. 9.

The government further conflates the arguments.  In arguing that the cases are different because Meggs is alleged to have conspired to overthrow the government, the government is making the point. Others who have protested in

---

[11] *See Rioters Set Fire to Federal Courthouse in Portland One Day after Fencing Removed (yahoo.com)*Zachary Evans*, Rioters Set Fire to Federal Courthouse in Portland One Day after Fencing Removed* https://news.yahoo.com/rioters-set-fire-federal-courthouse-162333860.html

[12] These protesters were not charged with attempting to enter the property, or with Seditious conspiracy or the like.

[13] *See* https://www.portlandoregon.gov/police/news/read.cfm?id=250952&ec=1&ch=twitter

[14] *See* Portland Police Chief Slams Violence At Riots | National Review, August 6, 2020 Zackary Evans, https://www.nationalreview.com/news/portland-police-chief-slams-incomprehensible-violence-says-rioters-target-local-officers-with-mortars-and-commercial-grade-fireworks/

violent riots have not so been charged, attacking a federal courthouse day and night contains the requisite similarity to the events on January 6th.

The court can take judicial notice Jill Sanborn testified that the FBI did not confiscate any firearms from the Capitol. [15] Kelly Meggs and the Oath Keepers are not charged with having any arms at the Capitol, meaning firearms, knives, arson tools, bombs, bricks or even drones.  (See Indictment generally).  In Portland, Seventy-four faced federal charges. Crimes include assaults on federal officers, some resulting in serious injuries; arson and attempted arson; damaging federal government property; failing to obey lawful orders; and unlawful use of a drone; among others. (See Press Dept. of Justice Press Release August 27, 2020).

Similarly situated requires "some degree of commonality among the indictable group, such that the defendant challenging his indictment may make a supportable demonstration that those unindicted persons are, in fact, similarly situated, and consequently…'"  B*ranch Ministries, Inc. v. Richardson*, 970 F. Supp. 11, 17, (D.D.C. 1997)  (citations omitted).

The "improper purpose" rests in the difference in prosecution over the content of the message brought by the protestors on January 6th versus those in Portland. This becomes clear a filed *Amici* brief by criminal justice "leaders" including the Acting United States Attorney Channing Phillips.  Mr. Phillips joined a civil lawsuit

---

[15] Sen. Ron Johnson (R-WI) questions witnesses during a Senate Homeland Security and Governmental Affairs & Senate Rules and Administration joint hearing to discuss the January 6th attack on the U.S. Capitol on March 3, 2021 in Washington, DC.  The Hill, https://youtu.be/AlxsZ-kQ5Ks;

against the Trump administration defending Portland's protestors as people merely "*expressing grief*," -- but issued charges against alleged Trump supporting protestors: 18 U.S.C. § 1512(c)(2) and 2, or § 1512(k) or § 1752(a)(1)  *Id.*

The government does not dispute its own acknowledgment in its Opposition that in its opposition on the *Judd* motion that, "*Although it is true that each case was eventually dismissed by the government for unknown reasons (typically after the defendants repeatedly agreed to waive their rights to a preliminary hearing or indictment over a period of months), all were initially facing felony charges.*)." Gov't. Opp. Doc. 154 at 17 (emphasis added).  Those felony charges, however, did not include 18 U.S.C. § 2384, §1512(c)(2) and 2, or § 1512(k).

In the case at bar, as similarly situated defendants, it is undisputed, or the court can take judicial notice that Congress was in recess well before 2:40 P.M. when Defendant Kelly Meggs is alleged have walked up the stairs and alleged to have entered the Capitol "about a minute later".  (7th Indictment ¶ 87-88). A rhetorical question one could ask to show prosecutorial bias, if this were such a "planned operation to overthrow the government," why did Defendant Meggs and his alleged co-conspirators only arrive at the Capitol after Congress had declared the House in Recess (at 2:29 PM)? The government instead conflates the facts to suggest that Defendant Meggs was more culpable than those at Portland lacks perspective, different political messages are being treated differently, with a larger disparity against those in a "membership" of an organization labelled as "extremist" despite their lack of violence.   Moreover, the size of the unruly mob on January 6th

15

further could reflect other issues such as the insufficient response by law enforcement on January 6th - Mayor Bowser said on January 7th, "*I think a more robust presence on the ground" would have maintained order, she explained.*"[16] Both the federal courthouse and the state courthouse closed for weeks in the summer of 2020, but Congress returned the same day at 8:00 PM on January 6, 2021.

Moreover, the Comparison is also relevant to show that the Assaults of Federal Officers were dismissed. Not one of these 74 federally charged defendants in Portland have been sentenced with having to go to prison or were charged under 18 U.S.C. § 1512(c)(2) and 2, or § 1512(k) – much less Seditious Conspiracy. The discrimination in the selective charges exemplified by a lack of any historical similar application compared with the dismissals and lack of prosecutions Portland is palpable and fraught with constitutional infirmities, the First Amendment and discrimination of speech as well Equal Protection and Due Process.

In conclusion, we respectfully request that this court dismiss Counts 1-3 and/or in the alternative, order further discovery on the issue of selective prosecution.

---

[16] D.C. Mayor Says Capitol Needed 'More Robust' Police Presence after Rejecting Federal Assistance Pre-Riot, ***"Bowser is facing scrutiny for a Tuesday letter in which she told Justice Department and Pentagon leaders that the city would not need federal backup to handle protests."*** by Tobias Hoonhout, National Review January 7, 2021 https://www.nationalreview.com/news/d-c-mayor-says-capitol-needed-more-robust-police-presence-after-rejecting-federal-assistance-pre-riot/

Dated: August 1, 2022						Respectfully submitted,

							/s/ Stanley E. Woodward, Jr.
							Stanley E. Woodward, Jr.
							(D.C. Bar No. 997320)
							Brand Woodward Law, LP
							1808 Park Road NW
							Washington, DC 20010
							202-996-7447 (telephone)
							202-996-0113 (facsimile)
							Stanley@BrandWoodwardLaw.com

							/s/  Juli Z. Haller
							Juli Z. Haller, (D.C. Bar No.466921)
							The Law Offices of Julia Haller
							601 Pennsylvania Avenue, N.W., Suite 900
							Washington, DC 20004
							Telephone: (202) 729-2201
							HallerJulia@outlook.com

							Counsel for Defendant Kelly Meggs

**Certificate of Electronic Service**

I hereby certify that on August 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

							/s/ Juli Z. Haller
							Juli Zsuzsa Haller, (DC 466921)
							The Law Offices of Julia Haller
							601 Pennsylvania Avenue, N.W., Suite 900
							Washington, DC 20004
							Telephone: (202) 729-2201
							HallerJulia@outlook.com