## IN THE UNITED STATES DISTRICT COURTFOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
|  | ) |
|  | ) **Criminal No. 1:22-cr-00015-APM** |
| **v.** | ) |
|  | ) |
| **KELLY MEGGS** | ) |
|  | ) |
| **Defendants** | ) |
|  | ) |
|  | ) |

### DEFENDANT KELLY MEGGS' OPPOSITION TO MOTION IN LIMINE (ECF 213 AND 214) REGARDING ANTICIPATED TRIAL EVIDENCE

Defendant, Kelly Meggs, by and through the undersigned counsel, and pursuant to this court's Pretrial Order, dated May 12, 2022, (ECF 133), hereby files this Opposition Memorandum to the Government's two (2) Motions in Limine, ECF 213 and 214.

ECF 214 seeks to bar the defendants from submitting evidence during trial to include: (1) the actions or inaction of law enforcement officers at the Capitol on January 6, 2021; (2) the actions of rioters at other, unrelated events, and the status, disposition, and pendency of cases or charges involving those other rioters; and (3) purported diminished mental or physical capacity of any defendants.  (ECF 214).

In ECF 214, the government first argues in Motion in Limine No. 1: The Court Should Preclude Improper Defense Arguments and Evidence Pertaining to Law Enforcement Conduct on January 6, 2021.  The defendants should be precluded from introducing any evidence or arguing, either directly or indirectly, that law enforcement action or inaction rendered the defendants' actions in the United States Capitol building or grounds lawful, unless the defendants observed or were otherwise aware of such conduct. (see p. 2-3).  This is an

unnecessary and broad argument.  The court always has the discretion to sustain an objection to

evidence to far afield, but the preclusion of the potential defense broadly impacts what

defendants knew and what was their intent.  As to the second and third arguments in ECF 214,

Defendant, however, has not raised or sought to introduce evidence of selective prosecution as

trial issue, when undersigned counsel filed it as a Motion under Rule 12 for the court, which

raises a question of legal deficiency, that is a legal question for the court.  Therefore, the motion

lacks a predicate, and counsel could have reached a stipulation on the question.  Thirdly, movant

is not submitting a defense of diminished physical or mental capacity, and again, this question

could have been addressed among counsel.

In ECF 213, and ECF 214, the government seeks to prohibit defendants from raising an

e*ntrapment-by-estoppel defense* at trial.  (ECF 213, 214).  Defendant submits that these motions

are too broad, and should be denied as overly broad, and a broadly based bar to raise a defense

would be highly prejudicial when Defendants are not seeking to raise a public authority defense,

and did not raise the defense; however, a defense in entrapment-by-estoppel includes evidence

that relates to the knowledge and intent of the defendants.

**Entrapment-by-estoppel**

Entrapment-by-estoppel defense constitutes a separate defense from the public authority

defense, where the defendant will show that,

> 'Entrapment by estoppel is the unintentional entrapment by an official
> who mistakenly misleads a person into a violation of the law." *Ramirez-Valencia*,
> 202 F.3d at 1109. It derives from the Due Process Clause of the Constitution,
> which prohibits convictions based on misleading actions by government officials.
> *Tallmadge*, 829 F.2d at 773 (*citing and discussing Cox v. Louisiana*, 379 U.S.
> 559, 13 L. Ed. 2d 487, 85 S. Ct. 476 (1965), and *Raley v. Ohio,* 360 U.S. 423, 3 L.
> Ed. 2d 1344, 79 S. Ct. 1257 (1959)).
>
> In order to establish entrapment by estoppel, a defendant must show that
> (1) "an authorized government official," "empowered to render the claimed

erroneous advice," *Brebner*, 951 F.2d at 1024, 1027, (2) "who has been made aware of all the relevant historical facts," *Tallmadge*, 829 F.2d at 774, (3) "affirmatively told him the proscribed conduct was permissible," *Ramirez-Valencia*, 202 F.3d at 1109, (4) that "he relied on the false information," *Tallmadge*, 829 F.2d at 774, and (5) "that his reliance was reasonable." *Id.* As to this last element, we have stated that "[a] defendant's reliance is reasonable if 'a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.'" *Ramirez-Valencia*, 202 F.3d at 1109 (*quoting United States v. Lansing*, 424 F.2d 225, 227 (9th Cir. 1970)).

*United States v. Batterjee*, 361 F.3d 1210, 1216-1217, (9th Cir. 2004).

As the government submitted, Seditious Conspiracy under 18 § U.S.C. 2384 is a specific intent crime, as is obstruction under 18 § U.S.C. 1512(c). *United States v. Rahman*, 189 F.3d 88, 130 (2nd Cir. 1999); *United States v. North*, 910 F.2d 843, 881 (D.C. Cir. 1990).  The D.C. Circuit has held that specific intent "'requires more than a mere general intent to engage in certain conduct and to do certain acts.' Rather, specific intent requires a showing that a person '*knowingly* does an act which the law forbids, intending with bad purpose either to disobey or disregard the law.'"  *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 891 (D.D.C. 2006) (emphasis added) (quoting *United States v. Rhone*, 864 F.2d 832, 834 (D.C. Cir 1989)). Furthermore, with regard to specific intent and conspiracy, the D.C. Circuit has held that the "essence of a conspiracy" is "purposeful intent--or 'conscious desire' to achieve a 'result.'" *United States v. Childress*, 58 F.3d 693, 707-708 (D.C. Cir. 1995) (quoting *United States v. Bailey*, 444 U.S. 394, 404 (1980)).  Ultimately, it is undisputed that intent is an essential element of the offenses charged of these Defendants.  As such, they intend to introduce evidence at trial, as described below, to rebut the government's allegations that these Defendants had the requisite intent to commit the charged offenses.

There are many examples of the actions, and inactions, of others that go to the circumstances of the entry by these defendants, as to what did these defendants' hear, or know,

immediately before going on to the Capitol grounds, or into the Capitol, which includes the circumstances around them, and is relevant to their specific intent and knowledge. The government argues that "[t]he government acknowledges that the conduct of law enforcement officers may be relevant to the defendants' state of mind on January 6, 2021. However, unless defendants were aware of law enforcement's alleged inaction at the time of their entry onto restricted grounds or into the Capitol building (or at the time they committed the other offenses charged in the indictment), any alleged inaction would have no bearing on the defendants' state of mind and therefore would not meet the threshold for relevance." (ECF 214 at p. 4). This is an incorrect standard. If, for example, the barricades were moved before the defendants walked by on Capitol Grounds, but police inaction would include not fixing barricades that got moved, that also impacts state of mind. It would still be relevant to defendants' knowledge and intent when they walked up without barricades. For a person to knowingly enter a restricted area without authorization, there must be both an identifiable area that is restricted and knowledge by the person of a restriction.

The evidence will further show, through video produced by the government, that the Columbus doors were opened from the inside, (for the second time) at 2:38 PM, and yet police officers were present before the opening, and after the first breach of those doors, and potentially their inaction and action allowed the doors to be opened. The evidence will show what that looked like from Defendant's vantage point, which again goes to state of mind, knowledge and intent. The actions and inactions of officers that day relate more broadly than as the government asserts. Further, a motion in limine was denied in a District Court raising similar arguments,

> "[t]he defendants' willingness to discuss their activities with a DEA agent
> may suggest a lack of knowledge because they did not flee or hide their activities
> from law enforcement. *See Id*. at 2304 n.1 (stating knowledge can be shown
> through direct and circumstantial evidence, including evidence of "a defendant's

concealment of his activities" and "evasive behavior with respect to law enforcement"); *United States v. Makkar*, 810 F.3d 1139, 1147-48 (10th Cir. 2015) (stating the court had a "hard time imagining more powerful proof" of lack of knowledge than that the defendant "turned to law enforcement for information about the drug's composition and offered to suspend sales until tests could be performed")

*United States v. Ritchie*, 2018 U.S. Dist. LEXIS 210267, *11-12, 2018 WL 6580570.

This becomes relevant by way of analogy because there is evidence of these Defendants inside the Capitol chatted with police officers, and they "did not flee or hide from law enforcement."  This similarly relates to state of mind, knowledge and intent.

Both ECF 213 and 214 seek to bar the introduction large categories of evidence, that the government has produced regarding officers who were investigated, by way of further example,

'That on Wednesday, January 6, 2021, an Unknown Officer• violated USCP Directive 2053.013, Rules of Conduct, when they allegedly waived unauthorized persons2, into a restricted area secured by bike racks3, toward the US Capitol during an insurrection' or

"While working with MPD at the lower west terrace door, to hold back the mob of rioters, I looked to my right and saw Lt. --- leaning against the wall taking no action… In this video,---you can see Lt. --- in the background doing nothing to address the rioters in the building or stop the officer taking what appears to be a selfie; or

"According to the officers, a few officers were told to go home early on the date of the incident at the U.S. Capitol. The officers did not say, however, who instructed the officers to go home. *Officers were also told to open the U.S. Capitol doors as well*…"

(These reports are not cited, nor are any names produced, to maintain the government's protective order, but the examples cited are copied from productions made by the government).[1]

This information is relevant to what people and these Defendants specifically would have known or believed about what was happening at the Capitol, or were the crowds provoked or the police and what was the state of mind of these defendants as they walked up from the rally.

Moreover, the government has admitted to continuing to supplement discovery at the last

---

[1] See CAPD reports

conference, and these Defendants are still working to analyze discovery, therefore, both ECF 213

and 214 are too broad in seeking to limit the entrapment by estoppel defense, that is highly

relevant to Defendant's state of mind and ability to rebut specific intent charges.

      Moreover, undersigned counsel for Kelly Meggs, was only substituted as counsel for Mr.

Meggs in late May, and still undergoing conflict review, as well as addressing trial conflicts;

therefore, time has been limited for the undersigned counsel in addressing the actual potential

defenses that may be available.  This court obviously maintains discretion to bar evidence at trial

if too far afield.  Moving Defendant, however, agrees to ECF 214 in that he will not raise a

defense of selective prosecution under Rule 12 to the jury, or of "diminished physical or mental

capacity."  Further, Defendant has not asserted the Public Authority Defense raised in ECF 213.

      WHEREFORE, Defendant, Kelly Meggs respectfully requests that the Court deny

sections A and B of ECF 214, and section C of ECF 213, (which spends time on President

Trump but that argument is not relevant, as there is no predicate for that argument submitted by

these Defendants), however, Defendant's reliance on the actions and inactions of police officers

directly impacts the defendants' state of mind, knowledge and intent, and to bar evidence in

relation thereto would be highly prejudicial on charges that require proof of specific intent.

[signature next page]

Respectfully submitted,

/s/ *Stanley Woodward*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Brand Woodward, Attorneys at Law
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

/s/ *Juli Zsuzsa Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

Counsel for Defendant Kelly Meggs

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF System, with consequent service on all parties of record.

/s/ *Juli Zsuzsa Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com