## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:22-cr-00015-APM** |
| | ) | |
| **KELLY MEGGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S REPLY TO GOVERNMENT OPPOSITION REGARDING ANTICIPATED TRIAL EVIDENCE AND DEFENDANT'S MOTION IN LIMINE

Defendant Kelly Meggs, by and through the undersigned counsel, hereby files this Reply Memorandum to the Government's submission at ECF 251, Section II, in further support of Mr. Meggs' Motion in Limine [ECF 219], to bar the Government's intent to introduce 404(b) evidence as set forth in ECF 187 and 190, because the evidence at issue is highly prejudicial while not genuinely probative.

1.     The Government filed a Motion Regarding Anticipated Trial Evidence And Notice Pursuant To Federal Rule of Evidence 404(B), ECF 190 / ECF 187, on July 8, 2022.

2.     Mr. Meggs filed a Motion in Limine and Opposition to ECF 190 on July 29, 2022. (ECF 219).

3.     The Government filed its Opposition and Response to ECF 219 on August 12, 2022.  (ECF 251).

4.     In ECF 251, the Government submits that "[o]n September 30, 2021 pursuant to an authorized search warrant, the government seized two illegal short barrel firearms from Brown's residence and military ordinance grenades from Brown's RV—

the same RV that Brown used to travel to Washington, D.C. on January 6." (*Id.* at p.

17).

     5.    In a July 8, 2022 filing, the Government sets forth in a footnote that it "is

unaware whether Brown deposited the explosives at the Comfort Inn in Virginia or

retained them in his RV, which he parked in College Park, Maryland."  (ECF 190, p.

17, n. 4). This footnote is attached to the sentence, "[d]uring this same period, Meggs

informed Berry that Brown possessed explosives in his Recreational Vehicle ("RV")."

(ECF 190 at p. 17).

     6.    In short, the Government acknowledges the lack of a logical chain to

show that Mr. Meggs actually knew anything about whether Mr. Brown had any

explosives in his RV, and that the Government has no way of knowing if the explosives

seized in September 30, 2021 are those that Mr. Meggs allegedly referred to with Mr.

Berry, and that the Government has no way of knowing if the explosives seized in

September 30, 2021 were even in Mr. Brown's RV prior to September 30, 2021.

     7.    The Government now submits that, "[i]t is a reasonable *inference*,

beyond mere speculation (ECF No. 217 at 14), that the explosives the government

seized in the very R.V. that Brown used to travel to Washington, D.C., are exactly what

Meggs and others knew were available in the area while they stormed the Capitol."

(ECF 251, p. 8) (emphasis added).

     8.    The Government's attempt to assuage any doubts of relying on mere

speculation to support this assertion demonstrates just how much the Government has

relied on speculation. First, the allegedly seized evidence is not intrinsic to the

conspiracy, but admittedly found long after the conspiracy.  The government seized

weapons from Mr. Brown's residence on September 30, 2021.  (MD Fl, Tampa Div., 08-21-cr-00348-SCB-SEF, ECF 196 at p. 2).

9.      Second, the allegedly seized evidence is that of a defendant in an unrelated case, who has not been indicted for possession of these seized weapons in the District of Columbia, "or in the area," or for any time prior to September 30, 2021, including January 6, 2021, the time of the alleged conspiracy. (MDDC Florida, Tampa Div., 08-21-cr-00348-SCB-SEF, ECF 159).

10.     Third, the Government's admission that they do not know *where the items were located* and their reference to different legal jurisdictions as the "area" (Maryland or Virginia) demonstrates further their lack of foundation.

11.     Fourth, the government fails in its Opposition to address the findings of the court in Mr. Brown's case: that Court found that, it was "probable that many of [his] possessions, including electronics, guns, ammunition, and explosives, which constitute potential evidence in the investigation, *have been moved* to the RV or the Trailer." (MDDC Florida, Tampa Div., 08-21-cr-00348-SCB-SEF Court Order, ECF 196 at 8-9).

12.     Fifth, the Government attempts to pave over the fact that it lacks important foundational evidence for the allegedly seized weapons' presence at the time of Mr. Meggs's interactions with Mr. Brown, demonstrated by the Government's failure to submit information as to who remained with the RV, how far it was from the rally in the District of Columbia, or when and whether it would have been accessible to Mr. Brown on January 6, 2021.

13.     Instead, the Government attempts to connect the seizure of illegal weapons on September 30, 2021 to Mr. Brown, because "[o]n January 4, 2021, Brown

supplied a helmet to Florida Oath Keeper Berry, who met Brown at Brown's house, and then caravanned with Berry, Meggs, Harrelson and other Florida Oath Keepers first to North Carolina, where they rendezvoused with additional Oath Keepers, and then to the Washington, D.C. area."  (ECF 190 at p. 16).  The use of the term "caravan" implies that travel occurred in separate vehicles.  The Government does not specify important details relating to the alleged communications between Mr. Berry and Mr. Meggs relating to alleged "explosives," including but not limited to the time, place, and context of the alleged conversations.

14.     Instead, the Government speculates that because the RV involved in the alleged "caravan" appears to be the same as the RV that was searched on September 30, 2021, the weapons must be the same as what Mr. Brown would have brought with him during the January 4, 2021 caravan. (ECF 251 at p. 8).

15.     As Defendant Caldwell argued, in ECF 213, at p. 13, in *Bowie*, the D.C. Circuit set forth a three-part Rule 404(b) analysis for trial courts to follow:

> Stated more formally, a Rule 404(b) objection will not be sustained if: 1) the evidence of other crimes or acts is relevant in that it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," FED. R. EVID. 401; 2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and 3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act[.]
> *United States v. Bowie*, 232 F.3d 923, 930 (2000).

16.     The Government in its response, does not dispute that this evidence is not intrinsic to the conspiracy.  In Rule 404(b) cases, as this Court knows, the concern about prejudice focuses on the danger of the jury using the "other crimes" evidence in a

way the rules do not permit, such as to conclude that that because of this other alleged crime, a defendant must have a propensity for crime and therefore must have committed the one for which the defendant is currently being tried.  This danger, of course, will be present in every Rule 404(b) case… 'In short, the Rule 403 inquiry in each case involving Rule 404(b) evidence will be case-specific.'  *United States v. Crowder*, 141 F.3d 1202, 1210, 329 U.S. App. D.C. 418, 426, (D.C. Cir. 1998).

17.     The allegations at issue in this case are even more tenuous, because it is about a prospective crime outside the timeframe of the alleged conspiracy that the Government is attempting to relate backwards.  Further, there is no indictment (much less a conviction) against Mr. Brown for possession of the seized weapons in connection to the events of January 6th.

18.     The potential for prejudice here is incredibly high: if this Court admits this evidence, the jury will be presented with evidence discovered on September 30, 2021, that led to only *charges* of possession of illegal weapons, against a different party, in an unrelated case, nearly ten months later, well outside the time of the conspiracy, and lacks foundation for the predicate for admissibility.

19.     Further, the Government is lacking the chain of connections to establish that Mr. Brown's weapons have any connections to the actions alleged against Mr. Meggs.  In this case, the government is *assuming* by inference that the weapons present on September 30, 2021, in the custody of a party other than the named Defendants, were the same weapons that Mr. Brown had nearly ten months earlier and brought to some unknown location.  In turn, the Government asserts that these weapons "must be" the same weapons that Mr. Berry allegedly learned of in some unspecific

5

communication. Further, the Government has not alleged that Mr. Brown's companion, T.A., who resided with Mr. Brown, had any knowledge about the weapons that allegedly remained unmoved in Mr. Brown's RV during a roughly ten month span.

20.     The Government presents all this information on a theory that, because Mr. Brown is a Special Forces veteran, he must be a "bad actor" with a propensity to have illegal weapons.  It is exactly this type of argument that is barred by Rule 404(b).

21.     Similarly, the Government bases their claim that Mr. Meggs knew about *these weapons* on the assertion that Mr. Meggs has a propensity to seek illegal firearms.

22.     Without any sort of concrete evidence to establish the whereabouts of these weapons on January 6, 2021, there is no foundation for the Government to present the weapons found on September 30, 2021 as weapons that were present for use at the Capitol on January 6, 2021.

23.     "Where the evidence is being offered to prove the defendant's state of mind at the time of the crime, the court cannot permit evidence that is too remote and too unconnected to the events surrounding the crime that the Defendant is currently being tried for." *People of the V.I. v. Carty*, 50 V.I. 34, 43, 2008 V.I. LEXIS 11, *11-12 (citing *United States v. Johnson*, 879 F.2d 331 (8th. Cir. 1989).  To be admitted, the prospective evidence must be, "relevant to a material issue, similar in kind *and close in time* to the crime charged, and substantially more probative than prejudicial." *Id.* (citing *Johnson*), 879 F.2d 331, 334 (8th. Cir. 1989).

24.     The Government remains unable to prove that the items seized from Mr. Brown's RV have any connection to Mr. Meggs or the actions of the Rhodes Defendants, let alone any proximity in time to the crimes alleged in the Indictment.

25.     Further, as Defendant argued in its motion, Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…."

26.     In these cases, the concern about "prejudice" focused on the danger of the jury using the other crimes evidence in a way the rules do not permit--to conclude that because the defendant committed some other crime, he must have committed the one charged in the indictment. This danger, of course, will be present in every Rule 404(b) case… 'In short, the Rule 403 inquiry in each case involving Rule 404(b) evidence will be case-specific.' *United States v. Crowder*, 141 F.3d 1202, 1210, 329 U.S. App. D.C. 418, 426, (D.C. Cir. 1998).

WHEREFORE, Defendant Kelly Meggs respectfully requests that the Court grant this Motion in Limine to bar the admission of evidence seized from Mr. Brown on September 30, 2021, where it is highly prejudicial, based ultimately on a jury making an assumption of Mr. Meggs's propensities to commit this conduct, based on new allegations that occurred nearly ten months later, and thus, should be barred under Rules of Evidence 403 and Rule 404(b).

**[SIGNATURE ON NEXT PAGE]**

Dated: August 19, 2022                         Respectfully submitted,


/s/ *Juli Z. Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com


/s/ *Stanley Woodward*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Brand Woodward, Attorneys at Law
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Kelly Meggs*

## <u>Certificate of Electronic Service</u>

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF System, with consequent service on all parties of record.

 /s/ *Juli Z. Haller* 
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com