IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) | Case No. 1:22-cr-00015-APM |
| ELMER STEWART RHODES, KELLY MEGGS, JESSICA WATKINS AND KENNETH HARRELSON | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANTS' JOINT MOTION FOR RECONSIDERATION OF THE COURT'S ORDER, ECF 322, IN PART, RE: ZELLO COMMUNICATIONS**

Defendants Kelly Meggs, Elmer Stewart Rhodes, Jessica Watkins, and Kenneth Harrelson, by and through the undersigned counsel, hereby jointly file this Motion For Reconsideration in part, and Memorandum of Points and Authorities in Support thereof, the Court's Order, ECF 322, granting in part, and denying in part Defendants' Joint Motion in Limine regarding the admission of certain statements on a *Zello Chat* (identified as 6 zello from www.youtube.com watch v=nF1bud0Rqym.MP4), which the government anticipates producing as trial evidence.

The government set forth the statements Zello communications at trial it intends in its Opposition to Defendant's Motion in Limine, at ECF 292, which the Court granted in part and denied in part. This Motion seeks a limited review of five statements by two individuals not alleged to be co-conspirators of the Defendants in this case, and request a review of these statements by a non-co-conspirator under FRE 403, because the subject communications are highly prejudicial and are more

prejudicial than probative, remain as inadmissible hearsay under FRE 801(c), and should be barred under FRE 802, not exempt under FRE 803 or 804, or even 807, and fail to meet the requirements of FRE 106.

1.  The statements that Defendants respectfully request reconsideration of are by those known as 1% Watchdog and one by Gnomie.

2.  The government has represented that it does not allege 1% Watchdog or Gnomie are co-conspirators in this case, and specifically set forth that 1% Watchdog is not a defendant in this case. (Gov't Opp. at p. 2, f.n. 2)

3.  In an email correspondence of September 14, 20022 Ms. Rakoczy wrote: *In response to Brad's email, please see below for Jeff identifying 1% Watchdog.* The same email is forwarded, dated Monday, August 22, 2022 9:51 PM from Mr. Jeffrey Nestler, emphasis added):

    - [The information in this paragraph, about potential true identities, is highly sensitive under the protective order.]  Third, you asked us to provide the true identities of three individuals who can be heard on the Zello recording: 1% Watchdog, General Mark Davis CFA, and iWatchDirectorLaureen.  **We are not able to confirm these individuals' true identities for you.  However, in an effort to be helpful, we can point you to the fact that one of Zello's IP addresses for 1% Watchdog resolved to India**, **that that same IP address was used to access other online sites, and a profile on at least one of those sites was registered to a person named** Hubert Louis Fontaine.  Separately, in 2017, the FBI in Knoxville, Tennessee, had contact with an individual named Terence J. Lowe who identified himself by the moniker General Mark Davis, and the FBI is aware of information that Lowe is affiliated with the Confederate Forces of America (CFA).

(Email of August 22, 2022 emphasis added).

4.  The government alleges Ms. Watkins '[t]he user named "OhioRegularsActual

– Oathkeeper" subscribed to the channel on the night of January 5, 2021, at approximately 9:30 p.m.' (ECF 292 at p.3), so the government does not allege that Ms. Watkins was in direct or one on one communications with 1% Watchdog.

5.      There are statements on the Zello communication cited in the Government's Opposition at ECF 292 statements by 1% Watchdog, of which three of the four statements at issue by 1% Watchdog, were not specifically found by the court on their own as admissible, but instead fell within larger categories of sections admitted, to which the court generally referred to context, and Defendants respectfully request reconsideration of because its probative value is substantially outweighed by the likelihood of unfair prejudice:

> **(1:58 p.m.) 1%Watchdog: Yeah, guys. Police can't stop you. This is a constitutional enforcement authority, the civilian authority of We The People, constitutional enforcement action, direct action. There is no legitimate authority in the federal government. The Congress has failed, the Executive Branch has failed – other than Trump -- and the Judicial Branch has failed, Supreme Court. This is the civilian exercise of civilian power to alter and abolish this fucking tyrannical, treasonous government piece of shit and drain this fucking swamp.**

- **(2:31 p.m.) 1%Watchdog: All right. Well, whatever. Antifa or whoever, doesn't matter. This shit needs to go down. This treason needs to be stopped. This process needs to be arrested, and all these bastards who are stealing this election and treason, federal election fraud, aiding and abetting, accessories, all these motherfuckers, they need to be arrested. That's all there is to it, and there's no fucking law enforcement standing up to do it, so We the People, citizen arrest. Just arrest all these motherfucking treasonous bastards.**

- **(2:42 p.m.) 1%Watchdog: There's no safe place in the United States for any of these motherfuckers right now. Let me tell you.**

- **(2:43 p.m.) 1%Watchdog: That's saying a lot by what he didn't say.**

3

> **He didn't say not to do anything to the Congressmen.**
>
> - **(2:43 p.m.) Gnomie: I hope they understand that we are not joking around.**

6. The first message cited above, at (1:58 p.m.) **1%Watchdog: "Yeah, guys. Police can't stop you…"** is included in the admission as "The statements of others from 1:56 p.m. to 2:00 PM are admissible to give context to Ms. Watkins statements." (ECF 322 at p. 4.) This message appears after the message at (1:58 p.m.) **OhioRegularsActual-Oathkeeper**: 100 percent. It is -- it has spread like wildfire that Pence has betrayed us, and everybody's marching on the Capitol, all million of us. It's insane. We're about two blocks away from it now, and police are doing nothing. They're not even trying to stop us at this point.

7. The statement at **(2:31 p.m.)** 1%Watchdog: "All right. Well, whatever…" **also com**es in under the court's finding that "the statements of others at 2:30 p.m. … are all admissible as providing context for Ms. Watkins' statement. (ECF 322 at p. 6. ¶ 5), but is neither directly responded to, nor is next to a communication by Ms. Watkins.

8. The statement at **(2:42 p.m.) 1%Watchdog: There's no safe place…"** does not appear to be specifically addressed by the court but is neither directly responded to, nor is next to a communication by Ms. Watkins. (ECF 322 at p. 6 ¶ 6).

9. The statement at **(2:43 p.m.) 1%Watchdog: "That's saying a lot…"** appears to be admitted by the court where the court states, "the statements at 2:43

4

p.m. by Jim Fitzgerald, 1% Watchdog and Gnomi are not hearsay.  The court will admit those statements, except for one, for context and their effect on the listener, Ms. Watkins." (ECF 322 at p. 7 ¶ 6). This message is neither directly responded to, nor is next to a communication by Ms. Watkins.

10. Similarly Gnomie's statement stands on its own, and is not responded to by Ms. Watkins.

11. Defendants respectfully request the court reconsider its finding on these statements admitted under the finding of "context," primarily because they are extremely prejudicial and the probative value is substantially outweighed by the likelihood of inflaming the jury, and leading them to infer the truth of the matter asserted.  The court recognized this prejudice with other statements by 1% Watchdog, such as 2:34 p.m., where the court found "caustic statements by non-co-conspirators that are sufficiently provocative to create a risk of inflaming the jury." (ECF 322 at p. 6, ¶ 5).

12. These messages are not being used to admit Ms. Watkins' statements, and those have already been admitted by the court's order, and as such these statements are less probative then prejudicial.  The court cited *United States v. Lewisbey*, 843 F.3d 653, 658 (7th Cir.) for the finding that these messages from an outsider are admissible under another purpose than for the truth of the matter asserted, wherein the Seventh Circuit cited to context. (ECF 322 at p. 3). *Lewisby, however* addressed text messages received by the defendant in response to his own text messages. *Id.*  Instead, the statements at issue, on this public chat, by

analogy, is more in kind to Twitter, which also requires a login to comment or like, than similar to a one-on-one direct text message, such as those in *Lewisbey*.

13. This court addressed context and FRE 106, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.". *United States v. Brown*, 503 F. Supp. 2d 226, 229 ('However, offering either the legal arguments set forth in the Exhibits or factual statements with respect to Defendants' actions themselves (which are at issue in the instant case) would be both confusing for the jury and prejudicial to Defendants, as their inclusion would effectively amount to the Government making its case in the context of statements made before another forum.')

14. In this case the issue is over an application that was open to the public, and where the government does not allege Ms. Watkins knew 1% Watchdog, and as to these messages, nor was she in on a one-one communication with 1% Watchdog. The government explained, "…[t]here are two primary methods of communication on Zello: a direct chat1 or a channel. The communication at issue here was on a channel… When online and subscribed to a channel, a user can talk or post in the channel; posts can contain text, photos, videos, and/or links." (ECF 292 at p. 2.)

15. The government further explained, "[t]his means that any user could subscribe to the channel and the administrator had the ability to manage the users by, for instance, blocking users and adding moderators and "trusted users" with

special permissions. However, on January 6, 2021, at 1:48 p.m., the administrator of the channel appears to have changed the channel type to "open," which would allow any subscribed user to talk or listen." *Id.* (emphasis added).

16. The reasons Watchdog's statements are highly prejudicial to the Defendants is because 'their inclusion would effectively amount to the Government making its case in the context of statements made before another forum.' *Brown*, 503 F. Supp. 2d at 229.

17. And to the extent the court admitted the fourth statement by 1% Watchdog and Gnomie above, *"for the effect on the listener"* Defendants respectfully submit that the "effect on the listetener" may be outweighed by another purpose such as to the truth of the matter asserted, "because whatever minimal value the testimony had for that purpose was outweighed by the danger that the jury would consider the evidence for its hearsay purpose." *United States v. Williams*, 358 F.3d 956, 963 (D.C. Cir. 2004).

18. As undersigned counsel argued, in *New York v. Microsoft Corp.*, 2002 U.S. Dist. LEXIS 7683, *12-13, *18 (D.D.C. 2002), the District of Columbia found that (The ultimate purpose for which Pinnacle Systems' belief is being offered, is to establish the truth of that belief.)

19. Similarly, in *United States v. Stover*, 329 F.3d 859, 870 (D.C. 2003), in addressing a statement submitted for the effect on the listener, the court found the recording as inadmissible hearsay because it found that the recording went to the truth of the issue before the court, finding that the jury, using the statement, could

7

infer that the defendant and his co-conspirators committed the acts charged through the statement's content. *Stover,* 329 F.3d at 870.

20.     Similarly, in the case at bar, these four statements by 1% Watchdog and one statement by Gnomie, could lead the jury to use the statements, to infer that the defendant, and her co-conspirators committed the acts charged through the statement's content.

**CONCLUSION**

Clearly the danger here of the jury using statements of others, for "context" or the *"effect on a listener,"* wherein the court has already ruled that Ms. Watkins statements are admissible, therefore, these statements are more inflammatory and risk severe prejudice because 'their inclusion would effectively amount to the Government making its case in the context of statements made before another forum.' *Brown*, supra.

WHEREFORE, Defendants, Kelly Meggs, Elmer Stewart Rhodes, Jessica Watkins and Kenneth Harrelson, and Thomas Caldwell respectfully request that the Court grant this Motion to Reconsider this Motion to limit in part its earlier ruling to bar specifically five statements that the government intends to produce at trial, because the probative value is substantially outweighed by the prejudicial nature of them.

Respectfully submitted,

/s/ *Juli Z. Haller*
Juli Zsuzsa Haller, (DC 466921)

>The Law Offices of Julia Haller
>601 Pennsylvania Avenue, N.W., Suite 900
>Washington, DC 20004
>Telephone: (202) 729-2201
>HallerJulia@outlook.com
>
>
>/s/ *Stanley Woodward*
>Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
>Brand Woodward, Attorneys at Law
>1808 Park Road NW
>Washington, DC  20010
>202-996-7447 (telephone)
>202-996-0113 (facsimile)
>Stanley@BrandWoodwardLaw.com
>
>Counsel for Defendant Kelly Meggs
>
>/s/ Juli Z. Haller*
>*with permission to sign for Defendants: Elmer Stewart Rhodes by Counsel Phillip Linder;  for Jessica Watkins, by Counsel Jonathan Crisp and for Kenneth Harrelson, by Brad Geyer

## Certificate of Electronic Service

I hereby certify that on 24th of September, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

>/s/ *Juli Z. Haller*
>Juli Zsuzsa Haller, (DC 466921)
>The Law Offices of Julia Haller
>601 Pennsylvania Avenue, N.W., Suite 900
>Washington, DC 20004
>Telephone: (202) 729-2201
>HallerJulia@outlook.com

9