IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Case No. 1:22-cr-00015-APM |
| v. ) | |
| ) | |
| **KELLY MEGGS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MOTION TO JOIN AND ADOPT**

Defendant Kelly Meggs, by and through undersigned counsel, and pursuant to Rules 2 and 17(c) of the Federal Rules of Criminal Procedure, hereby respectfully requests this Court permit him to adopt and join Defendant Stewart Rhodes's Motion for Issuance of Subpoenas (Sep. 19, 2022) (ECF No. 325).

Rule 17(c)(1) of the Federal Rules of Criminal Procedure provides that "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). In this District, a party seeking to, "compel production of documents under Rule 17(c) . . . 'must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.'" *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

Here, defense counsel has good cause to request the communications at issue. By way of one example, following the entry of his guilty plea, the wife of Joshua James wrote online:

> As you have probably seen, we have made the difficult decision as a family to accept a plea agreement . . . We made the choice that makes it more likely that Josh would be home sooner than later instead of risking our future on a trial that would likely take away many years of his life and deprive him of the chance to raise his children. After a year of being in

> the thick of it and many lengthy talks with our attorneys, this plea best protects our hopes that we will remain a family.

Mrs. James's comments suggests that Mr. James's acceptance of his plea agreement was motivated by reasons other than his desire to accept responsibility for the crimes with which he was charged. To the extent he has engaged in non-privileged communications (e.g., communications with anyone other than his counsel, his wife, or a religious and/or spiritual advisor), those communications would be material to the defense and serve as a basis to impeach Mr. James should he testify in this matter. And while of course the government is not required to seek out any such communications, its exercise of an investigative prerogative not to request such communications warrants defense counsel's request for subpoenas seeking all such communications from the cooperators in this action. Accordingly, and consistent with the Court's request, defense counsel has attached subpoenas for this information to be executed by the Court.

**[SIGNATURE ON NEXT PAGE]**

Dated: September 28, 2022	Respectfully submitted,

        */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
B<small>RAND</small> W<small>OODWARD</small> L<small>AW</small>, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Kelly Meggs*

## **CERTIFICATE OF SERVICE**

On September 28, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

>      */s/ Stanley E. Woodward, Jr.*
> Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
> BRAND WOODWARD LAW, LP
> 1808 Park Road, Northwest
> Washington, DC  20010
> 202-996-7447 (telephone)
> 202-996-0113 (facsimile)
> Stanley@BrandWoodwardLaw.com