FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:22-cr-00015-APM |
| | ) |
| KELLY MEGGS, | ) |
| | ) |
| Defendant. | ) |

**MOTION IN LIMINE**
**TO PRECLUDE OUT-OF-COURT STATEMENTS**

Defendant Kelly Meggs, by and through the undersigned counsel, hereby respectfully requests this court preclude the following evidence during trial: (1) statements of the defendants made before the defendants are alleged to have begun any conduct in furtherance of any of the alleged conspiracies; (2) statements alleged to be evidence of planning any alleged conspiracy; and (3) statements by those not alleged to be co-conspirators solely for "context."

**I.      BACKGROUND**

Just days after the events at the Capitol on January 6, 2021, the government began filing sealed complaints against members of the Oath Keepers, whom the government initially described as, "a large but loosely organized collection of militia who believe that the federal government has been co-opted by a shadowy conspiracy that is trying to strip American citizens of their rights." Aff at 3 ¶12, Complaint, *United States v. Watkins*, 21-mj-86 (Jan. 16, 2021) (ECF No. 1-1). Members of the organization, the government alleged, "have been arrested in connection with a wide range of criminal activities, including various firearms violations, conspiracy to impede federal workers, possession of explosives, and threatening public officials." *Id.* at 5, Complaint, *United States v. Watkins*, 21-mj-86 (Jan. 16, 2021) (ECF No. 1-1). And despite the events of January 6, 2021, giving rise to what the government has described,

as early as March 2021, "one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence," Mot. Continue at 2, *United States v. Caldwell*, No. 21-cr-28 (March 12, 2021) (ECF No. 73), the government had concluded that the Oath Keepers had, *inter alia*, "conspired together and with others known and unknown to obstruct the United States Congress's affirmation of the Electoral College vote regarding the results of the 2020 U.S. Presidential Election." Aff. at 2, Complaint, *United States v. Meggs*, No. 21-mj-225 (Feb. 11, 2021) (ECF No. 1-1). In the more than eighteen (18) months that have followed, the government's investigative focus has been unwavering. The operative indictment as against Mr. Meggs describes the Oath Keepers as, "a large but loosely organized collection of individuals [--] some of whom are associated with militias [--] [with a] focus on recruiting current and former military, law enforcement, and first-responder personnel," and charges various members with, *inter alia*, having participated in a scheme – seditious conspiracy – to illegally oppose the lawful transition of presidential power leading up to and on January 6, 2021. Superseding Indictment at 3 ¶ 3 (ECF No. 167).

  Remarkably, despite the breadth and scope of the government's investigation, its allegations rest almost entirely on a handful of inferential text message communications, *not one of which* suggest that the Oath Keepers had any plan to stop the certification of the electoral college vote on January 6, 2021. To that end, the government has identified 862 such communications that it intends to admit as against Mr. Meggs and his codefendants. Defense counsel provided objections to 530 of them and the parties engaged in good faith negotiations to winnow their objections to these communications for the Court's consideration. The result of those discussions is the identification of four discrete legal disputes that should resolve

objections to those communications for which the government seeks admission in the trial's first week.

## II. LEGAL STANDARD

The Confrontation Clause prohibits admission of testimonial hearsay in criminal cases unless the declarant is unavailable and the defendant has been afforded a prior opportunity for cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 68-69 (2004). "The Confrontation Clause of the Sixth Amendment provides a criminal defendant with the right 'to be confronted with the witnesses against him,' including the right to cross-examine those witnesses." *United States v. Straker*, 800 F.3d 570, 595 (D.C. Cir. 2015) (quoting U.S. Const. Amend. VI).

Under Rule 801(d)(2)(A) of the Federal Rules of Evidence, a statement is not hearsay if it, "is offered against a party and is . . . the party's own statement." Similarly, statements that, "the party . . . adopted or believed to be true," – referred to as adoptive statements or adoptive admissions" are not hearsay. *See United States v. Rivera*, No. 21-cr-60, 2022 U.S. Dist. LEXIS 110742, at *3 (D.D.C. June 17, 2022). And admissions, "by a coconspirator of a party during the course and in furtherance of the conspiracy" are not hearsay. *United States v. Moore*, 651 F.3d 30, 84 n.21 (D.C. Cir. 2011). To be admissible, such statements must also be relevant under Rule 401 of the Federal Rules of Evidence, meaning that it must tend to make the existence of a fact at issue more probable or less probable than it would be without the evidence.

## III. ARGUMENT

Of the roughly 300 statements for which the government first seeks admission, objections thereto can be grouped into one of three categories: (1) statements of the defendants made before the defendants are alleged to have begun any conduct in furtherance of any of the alleged

conspiracies; (2) statements alleged to be evidence of planning any alleged conspiracy; and (3) statements by those not alleged to be co-conspirators solely for "context."

> a. *Statements Pre-Dating the Alleged Conspiracies Neither Tend to Make a Fact More or Less Probable Nor are of Consequence to this Action.*

The government has proposed the admission of several statements pre-dating the conspiracies alleged in this action. With respect to Mr. Meggs, the government seeks the admission of two statements. In the first, Mr. Meggs is alleged to have texted an Oath Keepers signal chat, *on September 20, 2020*, attaching photos of a firearms training he and other co-defendants attended. In the second, Mr. Meggs is alleged to have texted a different Oath Keepers signal chat: "Tomorrow determines the fate of our Republic. May god bless American and let freedom continue to ring!" While these statements may be Mr. Meggs's own statements, they are not relevant to the criminal conduct alleged in the indictment.

With respect to Mr. Rhodes, the government seeks the admission of several statements regarding his views on the significance of the 2020 election and his desire that President Biden not prevail in the same. Of note, on November 7, 2020, Mr. Rhodes sends several Oath Keepers signal chats messages related to a "Serbian patriot," for whom Mr. Rhodes relays the advice of that patriot concerning efforts to overthrow Slobodan Milosevic as President of Serbia in the late 1990s. These statements are similarly not relevant to the criminal conduct alleged in the indictment. They were sent before the 2020 election had been called and therefore could not have been in furtherance of any scheme to preclude President Biden from taking office.

Even were the Court to conclude these statements are relevant to the instant action, they should nevertheless be excluded because their prejudice outweighs any probative value. Fed. R. Evid. 403. Their admission as against just Mr. Meggs or Mr. Rhodes, respectively, cannot be divorced from the remaining co-defendants whom have nothing to do with the statements.

      b. *Statements Pre-Dating the Alleged Conspiracies are Not Admissible as Against Alleged Co-Conspirators.*

The government also seeks the admission of statements by Messrs. Rhodes and Meggs as coconspirator statements pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. Although Rule 801(d)(2)(E) permits the admission of an out-of-court statement by a co-conspirator during and in furtherance of a conspiracy, any such statement's admissibility requires the government to demonstrate, "by a preponderance of the evidence that the person making the statement [be] a co-conspirator and . . . the statement [be] made during and in furtherance of the conspiracy." *United States v. Gatling*, 96 F.3d 1511, 1520 (D.C. Cir. 1996) (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)). Importantly, the D.C. Circuit requires that, "there be independent evidence of the conspiracy apart from the statement." *Id.* (citing *United States v. Beckham*, 968 F.2d 47, 50-51 (D.C. Cir. 1992)).

The government has argued statements of Messrs. Rhodes's and Meggs's uttered before any alleged conspiracy is alleged to have begun are admissible as proof of planning the conspiracy. Rule 801(d)(2)(E), however, does not permit the admission of statements of "proof of planning." To the contrary, the government must establish, beyond a preponderance of the evidence that any such statements are in furtherance of an active conspiracy – the existence of which it must establish through *independent evidence. See Gatling*, 96 F.3d at 1520. This the government cannot do – it concedes that prior to November 9, 2020, any statements by Messrs. Rhodes and/or Meggs are being offered only for planning purposes.

      c. *Statements by those Not Alleged to be Coconspirators are Inadmissible.*

The government has identified dozens of statements it seeks to admit as "context" for otherwise "neutral" statements that with "context" become statements against the declarant's penal interest. *See* Fed. R. Evid. 804(b)(3). Such statements, however, are not admissible unless

taken as a whole the statements tend to make the existence of a fact at issue more probable or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401.  For example, when Ms. Watkins writes, "if Biden gets the steal, none of us have a chance in my mind, [w]e already have our neck in the noose [and] [t]hey just haven't kicked the chair yet," the response by an unknown declarant: "[s]o should I get comfortable with the idea of death?" is not context.  To the contrary, it is Ms. Watkins's statement that provides the "context" to the unknown declarant's statement.  Accordingly, any statement by an individual not alleged to be a co-conspirator must be carefully scrutinized and not simply admitted for "context."

## CONCLUSION

For the foregoing reasons, Mr. Meggs's respectfully requests the Court preclude the admission of the following out-of-court statements:  (1) statements of the defendants made before the defendants are alleged to have begun any conduct in furtherance of any of the alleged conspiracies; (2) statements alleged to be evidence of planning any alleged conspiracy; and (3) statements by those not alleged to be co-conspirators solely for "context."

**[SIGNATURE ON NEXT PAGE]**

Dated: October 3, 2022                            Respectfully submitted,

                                                                   */s/ Stanley E. Woodward, Jr.*
                                          Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                          BRAND WOODWARD LAW, LP
                                          1808 Park Road NW
                                          Washington, DC  20010
                                          202-996-7447 (telephone)
                                          202-996-0113 (facsimile)
                                          Stanley@BrandWoodwardLaw.com

                                          *Counsel for Defendant Kelly Meggs*

**CERTIFICATE OF SERVICE**

On October 3, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                                          */s/ Stanley E. Woodward, Jr.*
                                         Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                         BRAND WOODWARD LAW, LP
                                         1808 Park Road, Northwest
                                         Washington, DC  20010
                                         202-996-7447 (telephone)
                                         202-996-0113 (facsimile)
                                         Stanley@BrandWoodwardLaw.com