IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Elmer Stewart Rhodes, III, *et al.*,<br><br>Defendant. | Criminal Action No. 22-00015 (APM)<br><br>Honorable Amit P. Mehta |

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6, applicants Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Applicants") seek access to all trial exhibits in this criminal case. Applicants are United States Capitol Police officers harmed during the January 6, 2021 attack on the U.S. Capitol (the "Attack"). The exhibits that Applicants seek are relevant to Applicants' civil action, *Smith v. Trump*, No. 21-cv-2265 (D.D.C.), in which Applicants allege they were harmed in the course of the Attack. In particular, four of the Defendants in this criminal case are defendants in Applicants' civil action: Elmer Stewart Rhodes, Thomas Caldwell, Jessica Watkins, and Kelly Meggs. And those defendants allegedly were members of the Oath Keepers organization, which also is a defendant in Applicants' civil action.

For the reasons stated herein, Applicants respectfully request that the Court order the Government to allow Applicants to access and download all admitted exhibits from both trials in the above-captioned matter (the "Trial Exhibits"), including downloadable documentary, photographic, and videographic exhibits. Applicants request access to the Trial Exhibits via the electronic "drop box" solution outlined in Standing Order No. 21-28, which governs public access to video exhibits in criminal cases arising from the Attack.

1

Discovery in Applicants' pending civil case has commenced, and the Trial Exhibits are relevant to establishing Applicants' claims in that case. Applicants' claims include, *inter alia*, conspiracy to interfere with Congress and U.S. Capitol Police officers by force, intimidation or threats (42 U.S.C. § 1985(1)); assault; and battery, all based on Defendants' conduct related to the Attack. On November 29, 2022, Defendants Rhodes and Meggs were convicted of, *inter alia*, seditious conspiracy, Dkt. 410 at 1-2; Defendants Meggs and Watkins were convicted of conspiring to obstruct an official proceeding, *id.* at 3; Defendants Rhodes, Meggs, Watkins, and Caldwell were convicted of, *inter alia*, obstruction of an official proceeding, *id.* at 4; and Defendants Meggs and Watkins were convicted of conspiring to prevent members of Congress from discharging their duties, *id.* at 5. Both trials in this criminal case concerned conspiratorial and violent actions of "Oath Keepers members and affiliates" leading up to and during the Attack. *See* Dkt. 167 at 6.

Most, if not all, of the Trial Exhibits are not currently available on the Court's Case Management/Electronic Case Filing (CM/ECF) system. As members of the public, Applicants have a right to access documents submitted at trial, and the exhibits in this case appear to have been made available to the media to access and download via a drop box. *See* Dec. 12, 2022 Minute Order granting The Press Coalition's 415 Motion to Access Trial Exhibits (granting same-day media access to exhibits from the second trial); Dkt. 415 at 2 (describing media access to exhibits from the first trial). Accordingly, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits via an electronic drop box.

In further support of this application, Applicants state as follows.

## LEGAL STANDARD

1.  Local Criminal Rule 57.6 of the United States District Court for the District of Columbia provides that any interested person (other than a party or a subpoenaed witness) "who seeks relief relating to any aspect of proceedings in a criminal case . . . shall file an application for such relief with the Court." The application must include "a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." *Id.*

2.  Standing Order No. 21-28 (the "Standing Order") provides that, to obtain access to video exhibits in a criminal case "arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')," a non-party must file an application under Local Criminal Rule 57.6. Standing Order at 5; *see also In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *8 (D.D.C. July 2, 2021) (noting the Standing Order "provides mechanisms for public and media access to video exhibits for this Court"). If the application is granted, the Government must make the video exhibits available using a "drop box." Standing Order at 5-6. The judge may further order that the Government permit the non-party to download the video exhibits. *Id.* at 6.

3.  In its September 20, 2022 Order in this case, the Court required that "[u]pon request, the admitting party shall make available to the media at the end of each trial day a copy of any admitted exhibit that has been published to the jury and not restricted by the Court for dissemination." Dkt. 327 at 3. The Court noted that the government could "make exhibits available using the 'drop box'" described in Standing Order No. 21-28. *Id.*

## STATEMENT OF INTEREST

4.  Applicants seek to access and download the Trial Exhibits, which are relevant to their claims in the pending civil case *Smith v. Trump*, No. 21-cv-2265 (D.D.C.).

3

5.	Applicants are eight United States Capitol Police officers who defended the Capitol from attackers on January 6, 2021. They are plaintiffs in *Smith*, a lawsuit alleging, *inter alia*, that several defendants conspired to use force, intimidation, and threats to prevent Congress from certifying the 2020 presidential election results and aided and abetted others in assaulting and battering plaintiffs. *See* Am. Compl. ¶¶ 1–10, 199-210, *Smith v. Trump*, No. 21-2265 (D.D.C. Dec. 3, 2021), Dkt. 89 (hereinafter "*Smith Am. Compl.*").

6.	On January 26, 2023, the Court, ruling in *Smith*, granted in part and denied in part motions to dismiss by various defendants, permitting the case to proceed to discovery. *See generally* Mem. Op. & Order, *Smith*, No. 21-2265 (Jan. 26, 2023), Dkt. 179. Applicants' claims for conspiracy under 42 U.S.C. § 1985, assault, and battery, survived that motion against the majority of the defendants in that case, including Rhodes, Caldwell, Watkins, and Meggs, who are defendants in this criminal case, and the Oath Keepers organization. *Id.*

7.	The Trial Exhibits are relevant to Applicants' claims in *Smith*. *See, e.g., Tarquinii v. Del Toro*, No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023) ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" (citations omitted)). Applicants' Section 1985 claim requires proof of agreements between co-conspirators, *see Thompson v. Trump*, 590 F. Supp. 3d 46, 96-97 (D.D.C. 2022) (describing principles of civil conspiracy relevant to Section 1985 claim), which was a fundamental requirement of proving the charges in this case against overlapping defendants and other Oath Keeper members and associates. Indeed, the Superseding Indictment charged Rhodes, Caldwell, Watkins, and Meggs with Conspiracy to Prevent an Officer from Discharging Any Duties under 18 U.S.C. § 372, the criminal corollary to Section 1985 which contains almost identical language. Dkt. 167 at 35. Meggs and Watkins were both convicted on

4

that count. Dkt. 410 at 4-5. The Superseding Indictment also charged Rhodes, Caldwell, Watkins, and Meggs with two other conspiracy counts: Seditious Conspiracy under 18 U.S.C. § 2384, of which Rhodes and Meggs were convicted, Dkt. 410 at 1-2; and Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. § 1512(k), of which Meggs and Watkins were convicted, *id.* at 3. At the second trial in this case, other members or associates of the Oath Keepers also were found guilty of conspiracy charges stemming from their participation in the Attack. *See* Dkt. 450. The Trial Exhibits are likely to bear on Defendants Rhodes, Meggs, Watkins, Caldwell, and other Oath Keeper members' and associates' roles in planning, coordinating, and executing the Attack, all of which is relevant to Applicants' Section 1985 claim.

8.   Additionally, the evidence in this criminal case is relevant to Applicants' assault and battery claims, which is based in part on aiding-and-abetting liability. *See Smith v. Trump*, No. 21-CV-02265 (APM), 2023 WL 417952, at *9 (D.D.C. Jan. 26, 2023) (sustaining aiding-and-abetting assault and battery claims against individual defendants). Aiding-and-abetting liability may involve "acts of assistance as well as words of encouragement" that occur at or prior to the time of the tort. *Halberstam v. Welch*, 705 F.2d 472, 482 (D.C. Cir. 1983). As with the Section 1985 claim, the Trial Exhibits are likely relevant to showing Defendants Rhodes, Meggs, Watkins, Caldwell, and other Oath Keeper members' and associates' roles in planning, coordinating, and executing the Attack, all of which goes to whether Defendants provided "acts of assistance" or "words of encouragement." *Halberstam*, 705 F.2d at 484. They also may show how Applicants were attacked, the intensity of the Attack, and how the attackers cooperated and were aided and abetted by others present during the Attack, all of which may help substantiate Applicants' claims and inform the discovery strategy in their civil action. *See Collier v. District of Columbia*, 46 F. Supp. 3d 6, 14 (D.D.C. 2014) (assault requires showing "apprehension of harmful or offensive

contact and that a reasonable person in his position would have experienced such apprehension"); *District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003) (battery requires "proving an 'intentional act that causes harmful or offensive bodily contact'").

9. Accordingly, the Trial Exhibits are relevant to Applicants' claims in *Smith*.

## STATEMENT OF FACTS

10. On November 29, 2022, the jury for the first trial group of Defendants in this case found Defendants Rhodes and Meggs guilty on Count One of the Superseding Indictment, which charged Rhodes and Meggs with seditious conspiracy in violation of 18 U.S.C. § 2384. Dkt. 410 at 1-2. Specifically, Count One stated that Rhodes and Meggs, among others, conspired with the purpose of "oppos[ing] the lawful transfer of presidential power." Dkt. 167 at 8. Defendants Meggs and Watkins were found guilty of conspiring to obstruct an official proceeding under 18 U.S.C. § 1512 (Count Two of the Superseding Indictment); and Rhodes, Meggs, Watkins, and Caldwell were found guilty of obstruction of an official proceeding under 18 U.S.C. § 1512 (Count Three). Dkt. 410 at 4; Dkt. 167 at 33-34. The "official proceeding" identified in Counts Two and Three was "the Certification of the Electoral College vote." Dkt. 167 at 33-34. Meggs and Watkins also were found guilty of conspiracy to prevent members of Congress from discharging their duties under 18 U.S.C. § 372 (Count Four).

11. On January 23, 2023, other Defendants in this case, all of whom were identified as "Oath Keepers members and affiliates" in the Superseding Indictment, Dkt. 167 at 6, were also found guilty of Counts One through Four of the Superseding Indictment following the second trial. Dkt. 450 at 1-5.

12. Defendants Rhodes, Meggs, Watkins, and Caldwell are, respectively, the same Rhodes, Meggs, Watkins, and Caldwell who are defendants in *Smith*.

**PRAYER FOR RELIEF**

13. Applicants are entitled to access the Trial Exhibits under both common law and the First Amendment. "The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *4 (D.D.C. July 2, 2021) (citation omitted). Indeed, "[c]rime victims, just like members of the public, have a general, qualified right to inspect and copy public records and documents, including judicial records and documents." *United States v. Moussaoui*, 483 F.3d 220, 234 n.10 (4th Cir. 2007) (quotation omitted).

14. There is a "strong presumption in favor of public access to judicial proceedings, including judicial records," under common law. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); *see also, e.g., In re Press & Pub. Access to Video Exhibits in Capitol Riot Cases*, No. MC 21-46 (BAH), 2021 WL 1946378, at *4 (D.D.C. May 14, 2021) (video exhibits in Capitol Cases "are undoubtedly judicial records to which the presumption of public access attaches"). Likewise, "public access to criminal trials forms the core" of the First Amendment right to a public trial in all criminal prosecutions. *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *5 (citation omitted).

15. That presumption is incontestable where, as here, the requested judicial records were submitted at trial. *See, e.g., Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial.").

16. The public interest in the Trial Exhibits is even greater in this case, which concerns the Attack. Indeed, the Standing Order recognizes the "significant public ... interest" in the Capitol Cases. Standing Order at 2. The Trial Exhibits "are not just important evidence in individual criminal proceedings but are vital evidence of what happened on January 6 when rioters stormed the U.S. Capitol grounds and building." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *7. Thus, courts have granted non-parties the ability to access and download trial exhibits in several Capitol Cases, including this case. *See, e.g.*, Dec. 12, 2022 Minute Order granting The Press Coalition's 415 Motion to Access Trial Exhibits.

17. Indeed, the Court already has permitted non-parties to access and download Trial Exhibits that were not restricted by the Court for dissemination, including non-video exhibits. *See* Dec. 12, 2022 Minute Order granting The Press Coalition's 415 Motion to Access Trial Exhibits (requiring admitting parties to "make available to the media at the end of each trial day a copy of *any admitted exhibit* that has been published to the jury and not restricted by the court for dissemination" (emphasis added)); *see also* Dkt. 327 at 3; Dkt. 415 at 2 ("[T]he Government made hundreds of submitted exhibits available . . . through the USAfx 'drop box'.").

18. Accordingly, the Trial Exhibits, including documentary, photographic, and videographic exhibits that can be downloaded via a drop box, are a matter of public record and should be made readily available to Applicants.

## CONCLUSION

For the foregoing reasons, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits through an electronic drop box. Undersigned counsel contacted counsel for each of the parties in this matter on or before May 9 to inquire as to their position on this motion. Counsel for Defendants Meggs and Vallejo advise that they take no position, as does counsel for the Government. Defendant Ulrich does not oppose the motion. No further responses were received before the filing of this motion.

Dated: May 12, 2023                     Respectfully submitted,

/s/ Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Lawyers' Committee for Civil Rights Under Law
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8390
ecaspar@lawyerscommittee.org

*Counsel for Applicants*