**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **ELMER STEWART RHODES III,** **KELLY MEGGS,** **KENNETH HARRELSON,** **JESSICA WATKINS,** **ROBERTO MINUTA,** **JOSEPH HACKETT,** **DAVID MOERSCHEL, and** **EDWARD VALLEJO,** | **Case No. 22-cr-15-APM** |
| **Defendants.** | |

**UNITED STATES' MOTION FOR EXTENSION OF DEADLINE**
**TO FILE REPLY BRIEF REGARDING RESTITUTION**

The United States respectfully requests a two-week extension of the deadline to file a reply brief regarding restitution in this case from August 15 to August 29, 2023. The government has conferred with all defense counsel who filed or joined an opposition to the government's initial filing, and none oppose this extension request.

From May 24 through June 2, 2023, the Court held sentencing hearings and imposed sentences against the nine defendants in this case. For each, the Court withheld from addressing restitution. On June 6, the Court ordered the government to file a memorandum and any evidence in support of a restitution award, along with subsequent response and reply deadlines. The government moved unopposed for an extension, and the government filed its initial filing seeking and justifying restitution in this case on July 7. Stewart Rhodes and Kelly Meggs similarly moved unopposed for an extension, and those defendants filed their opposition on August 2. Joseph Hackett joined that opposition on August 11.

1

The government now requests a two-week extension of the August 15 deadline to file a reply brief.

While this extension technically reaches beyond the 90 days for the Court to determine the victims' losses in this case, envisioned under Section 3664(d)(5)—which, at the earliest, may fall on August 23—the Supreme Court has noted in *Dolan v. United States*, that "a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution."   560 U.S. 605, 608 (2010)  The Court retains such power "at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount."   *Id*.   In *Dolan*, the Supreme Court made clear the language and spirit of the restitution statutes—there, the Mandatory Victim Restitution Act, 18 U.S.C. § 3664—are geared toward "ensur[ing] that victims of a crime receive full restitution," *id*. at 612, and that, while speed is important, the statutory timeline is "*primarily* designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability," *id*. at 613.

WHEREFORE, the government respectfully moves for a two-week extension of the government's reply brief deadline on the issue of restitution.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:     _____
Troy A. Edwards, Jr.
Assistant United States Attorney
N.Y. Bar No. 5453741
Alexandra Hughes

2

Louis Manzo
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530