**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:22-cr-00015 (APM)** |
| | ) | |
| **KELLY MEGGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |


**DEFENDANT MEGGS MOTION FOR ORDER THAT GOVERNMENT PROVIDE**
**SPECIFIC DISCOVERY PREVIOUSLY PROVIDED UNDER CASE PROTECTIVE**
**ORDER FOR USE NOW IN UNRELATED CIVIL CASE**

KELLY MEGGS, by and through his undersigned attorney requests pursuant to Fed. R.

Crim P. 16 that the government review the Protective Order from the original case 1:21-cr-00028-

APM ECF No. 123 that is now consolidated under this case, and provide the Cellebrite extraction

from Mr. Meggs' phone so that the undersigned can release it to Plaintiffs in unrelated civil case

1:21-CV-02265-APM given the judge's Order. The government has not yet taken a position on this

matter. Mr. Meggs provides the following in support:

**I. Background.**

The undersigned was not Mr. Meggs's attorney during trial in this criminal case. She

became his attorney in the case's appeal (USCA #23-3089) in March 2025 and his attorney in

unrelated civil matter 1:21-CV-02265-APM at the end of July 2025.

Mr. Meggs never possessed discovery because he was incarcerated from the date of his

arrest until the January 20th Presidential Proclamation that commuted his sentence.

The undersigned for purposes of the criminal case appeal received only trial exhibits,

limited attorney work product for background, and otherwise downloaded docket materials. The

trial exhibits with hundreds of text messages have been available to the Plaintiffs for years.

The Plaintiffs' counsel after 5 years of discovery where their main strategy has been apparently to default defendants has shifted to demanding Cellebrite extraction reports because they "think" there might be new "responsive information" - without identifying what could be responsive. At the February 12, 2026, civil case status conference, Judge Mehta stated the Plaintiffs' general demand could be viewed as overbroad and burdensome. Cellebrite has highly private information and he said he was not going to order it turned over. The Plaintiffs needed to identify what could be relevant and identify reasonable, discrete records. For example, Signal chats might fall into that category and Plaintiffs needed to be specific. Plaintiffs were to produce a list, and Defendants were to call prior counsel. Plaintiffs never did their part. They just unreasonably demanded all Cellebrite extraction. Former trial counsel have not located Mr. Meggs' Cellebrite extraction. The undersigned for arguing an appeal issue received something from a former defense counsel that appears to be of Cellebrite origin, but its provenance is unknown, it precedes any discovery letter listing, and its questionable organization makes it suspect as having been manipulated. It may even have come from a cloud (even a family member's shared cloud account) and not Mr. Meggs' phone. Despite the issues having been explained, Plaintiffs keep foot stomping and now are requesting the civil judge order the questionable report be turned over, unredacted.

The judge issued an Order (1:21-cv-02265-APM ECF No. 491) that held the Cellebrite extraction is not subject to the protective order in this case and required all counsel to obtain extractions from trial attorneys and provide them (despite PII of others) to civil Plaintiffs who have refused to provide any relevant requirements and timelines. The undersigned had requested that only redacted, relevant texts/emails from Mr. Meggs be included within a relevant time of December 12, 2020 – January 20, 2021. Plaintiffs demand everything unredacted with no time restriction in a voyeuristic invasion of privacy that can extend back to 2018 and ignore family and

friends' PII. Notably, Plaintiffs previously posted defendants' discovery responses on the public docket despite the civil case's protective order but claim they'll now follow a protective order.

The undersigned previously requested a modified Protective Order on May 4, 2026, for this matter (ECF No. 964) to clarify that criminal case materials could be provided to third parties in the unrelated civil case given that in another criminal case the government denied that any of the criminal materials could be transferred for use in a civil case under the criminal protective order. In case 1:21-CR-268 (CJN) the government would not allow criminal case defense attorneys to provide any discovery – including Cellebrite extraction – to the undersigned as defense attorney in a related civil case because of the protective order paragraph that reads:

> **Limitations on Use**. Defendant and the legal defense team may use Sensitive and Highly Sensitive discovery materials solely in connection with the defense of this case *and any other case connected to the events at the United States Capitol on January 6, 2021,* including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

One of the distinctions was the definition of "defense team" and then civil versus criminal.

However here, Judge Mehta said as judge in the civil case that he interprets the protective order to not include Cellebrite because they are downloads (the protective order uses the term download as excluded. Cellebrite "extractions" however were marked in sensitive folders and weren't called downloads).

Judge Mehta denied ECF No. 964 on May 7, 2026, before the government responded.

## II. Discussion.

This is a request for an Order that the government review the case's protective order and provide the undersigned with the "official" Cellebrite extraction from Mr. Meggs' phone if that exists. If the government wishes to take a position as to whether the undersigned should proceed with redacting PII of third parties, that would be welcomed.

3

Given that the undersigned does not have any "official" Cellebrite extraction from the trial attorneys who have not located it, the undersigned requests the government provide it. Although everything relevant was in the trial documents, the civil Plaintiffs continue to make this an issue for unknown reasons and without identifying what may be relevant, and the judge ordered provision of the Cellebrite. The extraction may be provided via USAfx or external drive, at the convenience of the government.

## III.  Conclusion.

Wherefore, the government should provide its position in a Response to the attached proposed Order that it provide the Cellebrite extraction.

MAY 29, 2026                                       Respectfully Submitted,


                                                  /s/ *Carolyn A. Stewart*
                                                  Carolyn A. Stewart, D.D.C. Bar No. FL-0098
                                                  Defense Attorney
                                                  Stewart Country Law PA
                                                  1204 Swilley Rd.
                                                  Plant City, FL 33567
                                                  Tel: (813) 659-5178
                                                  Email: Carolstewart_esq@protonmail.com


### CERTIFICATE OF SERVICE

I hereby certify on the 29th day of May 2026, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.


                                                  /s/ *Carolyn A. Stewart*
                                                  Carolyn A. Stewart, Esq.


4