**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:22-cr-00015 (APM)** |
| | ) | |
| **KELLY MEGGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT MEGGS MOTION TO CORRECT ERROR IN THE DOCKET**

KELLY MEGGS, by and through his undersigned attorney requests pursuant to Fed. R. Crim P. 36 that the Court order the clerk to correct the errors where the docket disposition in this case does not reflect that the charges were dismissed. Mr. Meggs provides the following in support:

## I. BACKGROUND.

Within three days prior to co-Appellants Meggs, Rhodes, Harrelson, and Watkins filing their 40,000-word joint Appellants' brief, on April 14, 2026, the government filed a consent motion for vacatur under 28 U.S.C. § 2106.

On May 21, 2026, in addition to ruling on an amicus issue the U.S. Court of Appeals for the D.C. Circuit ordered that judgments of the district court be vacated and the cases be remanded to the district court for consideration of the government's forthcoming motion to dismiss the indictment. USCA Case #23-3098 Document #2174518. The mandate was issued the same day. USCA Case #23-3098 Document #2174519. This Court posted the mandate for Kelly Meggs as ECF No. 969 on May 21, 2026; and similarly, did so under separate entries for the other Appellants (e.g. ECF No. 968 for Elmer Stewart Rhodes, III).

Parallel actions to the above for vacatur occurred in the Proud Boys separate appeal in the D.C. Circuit and D.C. District Court case.

The government submitted its unopposed Rule 48(a) motion for dismissal of the case and charges against Elmer Stewart Rhodes, III, Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Roberto A. Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo on May 22, 2026.

On May 29, 2026, the Court ordered the government to supplement its motion with further justification. ECF No. 976, May 29, 2026. The government, with an approved extension, submitted its supplement on June 18, 2026. ECF No. 979.

The Court issued its decision and Order dismissing the indictment with prejudice and all the case's charges on August 4, 2026. ECF No. 981.

The docket disposition that is contained in the header for each Defendant has never been amended to correctly reflect the dismissal of the charges with prejudice and still only shows convictions and sentences. (Exhibit A showing Rhodes, Meggs, Harrelson, and Watkins as examples).

**II. LEGAL STANDARD.**

Under Fed. R. Crim. P. 36 "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Under Fed. R. Crim P. 55 the clerk of the district court must keep the records.

The Court's procedures for recording disposition fall within PACER CM/ECF where behind the scenes the clerks' entries impact the case header information, such the disposition.

**III. ARGUMENT.**

The case header information as of yesterday and today for each case Defendant, and specifically for the undersigned's client Kelly Meggs, has never been adjusted to reflect that each charge of the superseding indictment that was not previously listed as acquitted or dismissed is

now "dismissed with prejudice" given the order at ECF No. 981. Charge dispositions are records that fall under Rule 55 and thus should be corrected under Rule 36.

There apparently is training and procedure within this District for clerks to make the appropriate notations in PACER CM/ECF. For instance, in recent Proud Boys case 1:21-cr-175 the disposition header was corrected for each Defendant's charge to reflect "dismissed with prejudice on 7/10/2026" (where the original sentence then followed). Likewise, in January 6th cases that were on appeal where vacatur occurred, the dispositions were corrected. In this Court, for January 6 case 1:23-cr-005 that was vacated on appeal as an example, the disposition header was corrected. Thus, a process exists and a correction can be made by the clerk for whatever was overlooked as the necessary notation entry in PACER CM/ECF.

The requirement for a correction is not trivial. PACER, Lexis, and Westlaw to name just a few are relied upon by an unknown number of law enforcement and other data bases (and history, if not ai and future lazy media). It is unlikely that any will search through over 900 case documents to find the court order dismissing the charges. The Defendants still do not know how many international law enforcement agencies still carry them as terrorists because that is what the FBI and DHS labelled them as in data bases. The proper case disposition may assist in their not being persecuted for life in being detained at airport security every time they might travel internationally; or being carried in federal data bases as being prohibited from certain licensing and gun purchases. Each may require continued litigation in any number of areas to get their lives back where the correct disposition must show the correct status - in addition to the court Order.

While the undersigned represents only Mr. Meggs, in the interest of judicial efficiency, the Court should order the case/header disposition corrected for each of Elmer Stewart Rhodes, III,

Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Roberto A. Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo.

## III. CONCLUSION

Wherefore, the Court should issue the proposed Order for the clerk to correct the docket disposition for each charge to show the convictions dismissed with prejudice for each of the Defendants Elmer Stewart Rhodes, III, Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Roberto A. Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo.

August 21, 2026

Respectfully Submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 21st day of August 2026, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.